No. 59.—GARNETT ANDREWS, plaintiff in error, *vs.* THOMAS. TINSLEY, defendant in error.

[1.] It is not a good ground for a new trial, that interrogatories which were read to the Jury on the trial in Court, were carried to the Jury, after they retired to their room at their own instance, without the fraud or agency of the party in whose favor the verdict is found, merely to refresh their memory in regard to a matter concerning which there was no controversy between the parties.

Assumpsit, &c. in Clay Superior Court.   Tried before Judge PERKINS, September Term, 1855.

This was an action for damages for breach of contract, for the purchase of cotton.   The Jury returned a verdict for the plaintiff; whereupon, defendant moved for a new trial, on various grounds; all of which were over-ruled but one, viz: "That the Jury sent for the depositions of two of the wit-

nesses, and read them in the Jury room." On this ground, the Court granted a new trial; and this decision is assigned as error by G. Andrews.

WELBORN, for plaintiff in error.

JONES & CARITHERS, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

After the Jury who tried this cause were charged with it, and had retired to their room, they sent their Bailiff to the Clerk for certain interrogatories which had been read as evidence to them on the trial. The interrogatories were sent to them. This fact was taken as a ground, amongst others, for a new trial, by the defendant, against whom the Jury rendered a verdict.

[1.] The Court below over-ruled the motion, on all other grounds embraced in the rule, and granted a new trial on this alone. The decision of the Court was excepted to, and error is assigned thereon. It does not appear that the plaintiff or his Counsel had any agency in sending the interrogatories before the Jury. It appears that the purpose for which the Jury desired to see the interrogatories, was to refresh their memories in regard to the time and the amount of sales of the cotton, (the action being founded on a breach of contract for the purchase of cotton,) matters in relation to which there does not seem to have been any controversy between the parties. Affidavits were received in the Court below, to establish this fact; and in the argument before this Court, it was conceded. In an old case, it was decided, that if the Jury, without the direction or leave of the Court, carry with them from the bar written evidence, which was given in Court, it is no ground for a new trial. (*King vs. Burdett, Salk.* 645.) It is unnecessary for us to say that we would go to that extent. The evidence might be to settle a question over which there was a controversy. We only say, that

whenever it appears that the evidence, as in this case, (without the fraud or agency of the party in whose favor the verdict is found,) which was read to the Jury in Court, is carried to the Jury at the instance of the Jury themselves, to refresh their memory in regard to a matter concerning which there is no controversy between the parties, a new trial should not, for that cause alone, be granted. I will however remark, as was said in the case of *King vs. Burnett*, that the Jury in such case, are punishable, as well, I will add, as the Bailiff and Clerk, who aided in getting the evidence before the Jury.

The judgment of the Court below is reversed.