## SHEDDEN v. STILES.

1. Where the issue tried was whether the note sued on was executed for the plaintiff's accommodation, and there was direct and positive testimony submitted by both parties in support of their respective contentions, and the court instructed the jury that as the defendant admitted the execution of the note the burden rested upon him to prove his defense to the satisfaction of the jury, the mere failure to charge that the holder of a negotiable promissory note is presumed to be such bona fide and for value was not cause for a new trial.
2. Refusal to give an oral request to charge was not cause for a new trial, though made in response to an inquiry by the judge to the counsel, "if there was anything else they desired charged."
3. There was no material error in admitting evidence.
4. Interrogatories, though read in evidence, should not be delivered to the jury. Where the court, over the objection of the party against whom the verdict was rendered, sent to the jury, after they had retired to deliberate as to their verdict, interrogatories which had been read in evidence and which were calculated to influence the jury in favor of the prevailing party, a new trial should have been granted.

Argued November 15, 1904. — Decided January 26, 1905.

Complaint on note. Before Judge Foute. City court of Cartersville. March 30, 1904.

*J. M. Moon* and *Lumpkin, Boykin & Etheridge*, for plaintiff.
*Thomas W. Milner & Sons*, for defendant.

FISH, P. J. R. F. Shedden sued W. H. Stiles on a promissory note signed by Stiles as maker, payable to his own order, and indorsed in blank by himself and George T. Hodgson. There was a verdict for the defendant; and the plaintiff's motion for a new trial having been overruled, he excepted.

1. The only defense filed to the action was, that the note sued on was executed for the accommodation of the plaintiff. Complaint was made in the motion for a new trial that the court erred in failing to charge, though not requested in writing so to do, that the holder of a negotiable promissory note is presumed to be such bona fide and for value. This was a correct principle of law and applicable to the case, but we think the point was sufficiently covered by what the judge did charge. He instructed the jury that as the defendant admitted the execution of the note, the burden rested upon him to prove his defense to their satisfaction. As above stated, the only defense was that the note was executed for the plaintiff's accommodation. The evidence was undisputed

that Stiles received no consideration for making and indorsing it, and that, as to him, it was an accommodation paper. When he indorsed and delivered it to Hodgson, however, it was a negotiable paper, payable to bearer, and if Hodgson indorsed and delivered it to Shedden for a consideration, then Shedden could hold Stiles liable on it, even though Shedden knew at the time he took it that Stiles had received no consideration. Whether Stiles executed it for a consideration was immaterial. The vital issue in the case was whether Shedden paid Hodgson a consideration for the instrument. This point was hotly contested, both parties submitting direct and positive testimony in support of their respective contentions on the question. For the defendant to prevail, it was absolutely necessary for him to show, by a preponderance of the evidence, that Shedden did not pay Hodgson a consideration for the paper. When the court instructed the jury that the burden rested on the defendant to prove his case to their satisfaction, it was equivalent, we think, to charging them that defendant must overcome, to their satisfaction, whatever case plaintiff sought to make, whether by way of presumption or by direct and positive evidence. The charge actually given was broader and more favorable to the plaintiff than that which he contends should have been given.

2. At the close of the judge's charge he asked counsel " if there was anything else they desired charged," and counsel for plaintiff, in reply, orally requested the court to charge that when the note was put in evidence, the presumption was that it was a valid note and that plaintiff was a bona fide holder of the same. The judge refused this request. Requests to charge should be in writing (Civil Code, § 5479), and there is no exception to the rule that a refusal to give an oral request to charge is not ground for a new trial.

3. Hodgson was permitted to testify that he requested Stiles to sign the note, and Stiles that he signed the note at Hodgson's request. This testimony was allowed over the objection of plaintiff that he was not present when the request was made and did not know of the same. The objection was without merit, as Hodgson also testified that he asked Stiles to execute the note at the instance and request of the plaintiff. The following question and answer in the interrogatories of Hodgson were read to the

jury by the defendant, over the plaintiff's objection. Q. "When Mr. Shedden acquired possession of said note did he or did he not know of the circumstances [under which] the note was signed by Mr. Stiles, and did he have full knowledge of all the facts relating to the signing of said note before it came into his possession?" A. "I think so." The objection was that the witness merely gave his opinion, and not facts. The witness testified positively that the note was executed for the plaintiff's accommodation; that witness, at the instance of the plaintiff, requested Stiles to sign the instrument; that neither witness nor Stiles received any consideration for the same; and that witness delivered it to plaintiff for use in his business. We are unable to understand what other circumstances and facts relating to the signing of the note, either by Stiles or the witness, the question referred to; and as the testimony of the witness was positive as to these matters, allowing his opinion as to the same subjects, though it ought not to have been admitted, is not cause for a new trial. An extended answer of Hodgson to another interrogatory was read to the jury by the defendant, over an objection by the plaintiff that the answer was merely the witness's supposition. The objection was to the whole of the answer, some parts of which purported to state facts, and hence were clearly admissible over the objection made. The objection to the whole was, therefore, not well taken. *Bass Co.* v. *Granite City Co.*, 116 *Ga.* 176 (5).

4. Upon the trial the plaintiff testified orally in his own behalf. The defendant put in evidence the answers of the plaintiff to interrogatories which had been sued out for him, for the purpose of impeaching him. After the jury had retired to deliberate as to their verdict, the court, upon motion of the defendant and over the objection of the plaintiff, sent to the jury "the answers" to such interrogatories. This action of the court was assigned as error in the motion for a new trial. The practice as to whether interrogatories or depositions read upon the trial should be delivered to the jury when they retire to consider as to their verdict is not the same in the different States. In some jurisdictions it is held to be a matter largely within the discretion of the trial judge; in others it is held that they should go to the jury, and in still others that they should not; but it is generally the rule that depositions read in evidence should not go to the jury, and

if they are calculated to influence the jury, and go to their room without the knowledge of the losing party, it has been held that the verdict should be set aside. 17 Am. & Eng. Enc. L. 1241, 1242. The reason given for not allowing them to be delivered to the jury is, that the testimony which they contain, if read·and· reread by the jury, would have an unfair advantage over oral testimony of the other side, by speaking to the jury more than once. Thomp. & M. Juries, § 385 (1, 2); Abbott's Trial Brief (Civil Jury Trials), 477, 478; Thompson on Trials, § 2578. Where all the evidence is in writing, it has been held that depositions read in evidence may be taken out by the jury on retiring to deliberate. Ib. In so far as our information goes, it has ever been the practice in this State not to permit interrogatories to be delivered to the jury. In *Andrews* v. *Tinsley,* 19 *Ga.* 303, the jury, ·after having retired to consult as to their verdict, sent their· bailiff to the clerk for the interrogatories of the plaintiff, which had been read in evidence before them. They desired to examine the interrogatories merely to refresh their memories as to certain dates, about which there was no controversy between the parties. This was held not to be cause for a new trial. In *Falvey* v. *Richmond,* 87 *Ga.* 99, interrogatories of the plaintiff were handed to the jury by plaintiff's counsel and taken by them to their room. Plaintiff's counsel made an affidavit that he inadvertently gave the interrogatories to the jury, and that there was no attempt on his part to gain an unfair advantage thereby. It appeared, from the affidavit of the foreman of the jury, that the interrogatories were neither read nor examined by any of the jury, and that they did not even know that they had the interrogatories until after returning to the court-room. It was held, that, "Under these affidavits, there was no error in the refusal of the court to grant a new trial on this ground." We think there is a clear intimation in these two decisions of this court that interrogatories should not be delivered to the jury. If a paper calculated to influence a jury in favor of the prevailing party goes to and is considered by them while deliberating as to their verdict, it is cause for a new trial. *Georgia Pacific Railway Co.* v. *Dooley,* 86 *Ga.* 300, and cit. The answers to the interrogatories of the plaintiff, sent to the jury by the court in the present case, were calculated to influence them in favor of the defendant, in whose favor the verdict was

rendered. We therefore think that a new trial should be granted on this ground. *Judgment reversed. All the Justices concur.*