21179. DORSEY *et al.* v. CITY OF ATLANTA.

ARGUED MARCH 14, 1961—DECIDED APRIL 6, 1961— REHEARING DENIED APRIL 20, 1961.

780

*Jones, Bird, Williams & Howell, Arthur Howell, Cam D. Dorey, Jr., Scott Hogg,* for plaintiffs in error.

*Newell Edenfield, J. C. Savage,* contra.

QUILLIAN, Justice. Unquestionably, the legislature possesses the authority to confer upon a municipality the right to provide public streets and to compel the owners of realty fronting thereon to pay the costs of these improvements. *Hayden v. City of Atlanta,* 70 Ga. 817. But this power is not absolute, and one of the limitations is the guarantee of equal protection of the laws as embodied in the Fourteenth Amendment to the United

States Constitution and art. 1, sec. 1, par 2 of the Constitution of Georgia. See *Georgia R. & Bkg. Co. v. Wright,* 125 Ga. 589 (54 S. E. 52). This constitutional guaranty requires that all persons shall be treated alike under like circumstances and conditions. 12 Am. Jur. 129, § 469. Our system of government does not allow the exercise of arbitrary power. Yick Wo v. Hopkins, 118 U. S. 356 (6 S. Ct. 1064, 30 L. Ed. 220). "When the General Assembly vests power in a municipal corporation to perform governmental functions, it is well settled that it must prescibe clear and definite procedure to guide its action in the performance of such power." *City of Atlanta v. Southern Ry. Co.,* 213 Ga. 736, 738 (101 S. E. 2d 707).

In the case under consideration, the legislative authority provided five alternate methods of initiating paving of public streets or portions thereof and assessing the costs of paving. The methods differ in the amount of the assessment, the right to be heard in protest, and the right upon petition to designate the type of paving. The charter provisions contain no standards delineating what set of circumstances will authorize the use of each method. Being cumulative, the 1959 amendment to the charter authorizes the city to pave streets similarly situated and alike in all respects, or even similarly situated portions of the same street, prorating two-thirds of the cost to one group of abutting landowners, and prorating the entire cost to a second group of abutting landowners. The legislation confers the selection of the method of assessment to the uncontrolled discretion of the municipality, and licenses it to discriminate arbitrarily among its citizens. Such legislation offends the guaranty of equal protection of the laws of the Constitutions of the United States and of Georgia, and the 1959 amendment to the charter of the City of Atlanta and the paving ordinance adopted pursuant thereto are void.

The holding in *City of Valdosta v. Harris,* 156 Ga. 490 (119 S. E. 625), is not controlling in the case under consideration. The *Valdosta* case involved the grant of an interlocutory injunction, and the trial judge granted his order "without deciding the questions as to constitutionality of the statute or validity of the contract." *City of Valdosta v. Harris,* supra, at p. 499.

The trial judge in that case suspended paving operations because serious questions were involved, and he deemed it wise to grant injunctive relief until a final decision was reached on these questions. This court held the grant of the interlocutory injunction to be an abuse of discretion. But a matter upon which the trial court did not rule was not for review by this court. *Williams v. State*, 206 Ga. 107 (55 S. E. 2d 589); *Isaacson v. House*, 216 Ga. 698 (119 S. E. 2d 113). Consequently, any ruling by this court on the constitutional question in the *Valdosta* case is obiter and does not provide a rule for decision for this court.

*Judgment reversed. All the Justices concur.*