## 50781. CITY OF HAWKINSVILLE v. CLARK.

BELL, Chief Judge.

The defendant Clark was convicted in the Recorders Court of the City of Hawkinsville for violating a city ordinance which prohibited the digging of a well of any kind without obtaining permission of the board of commissioners. On certiorari to the superior court the ordinance was declared unconstitutional and the conviction was set aside. The city appeals from this judgment.

The ordinance provided that it shall be unlawful for any person, to dig, or have dug, on any private or public property, within the corporate limits of the city any well of any kind whatever without first having obtained from the city a permit therefor; that "The granting or refusal of such permit shall be in the sole discretion of the Board of Commissioners of the City of Hawkinsville." It also contained a penal provision for its violation. *Held:*

The city of course contends that the ordinance is a valid exercise of its police powers granted to it by its charter to protect the health and general welfare of its citizens; and that supplying the public with an adequate water supply affects the public health as well as the public safety. While we do not quarrel with this premise as a general proposition, the issue here is whether the ordinance is a constitutional exercise of the police power of a municipality. The owner of realty has title upwards and downwards indefinitely. Code § 105-1409. A person who owns the surface may dig therein and apply all that is found therein to his own personal purposes at his free will and pleasure. *Stoner v. Patten,* 132 Ga. 178 (63 SE 802). Thus it can be seen that the use or the digging of a well on one's own property is generally a perfectly lawful undertaking and the exercise of a right in property. While a municipality may make reasonable rules and

regulations looking to the protection, safety and health of its citizens and may require permits for the exercise of its power of regulation, the grant or refusal of a permit cannot be left to arbitrary discretion. *Jones v. City of Atlanta,* 51 Ga. App. 218 (179 SE 922). The ordinance here is constitutionally defective for two reasons. One, it grants to the board of commissioners of the city the arbitrary authority to grant a permit to some and to refuse others. It prescribes no rule or guide by which it may be impartially executed and which will preclude partiality. Two, it does not grant an applicant for a permit an opportunity to be heard in support of his application. Both the Federal and the Georgia Constitutions require that all persons shall be treated alike and the exercise of arbitrary power is forbidden. *Dorsey v. City of Atlanta,* 216 Ga. 778, 781 (119 SE2d 553). Where one's property rights are involved due process of law requires a hearing as a matter of right. *Blocker v. Blackburn,* 228 Ga. 285 (185 SE2d 56). The ordinance is unconstitutional on its face. The trial court did not err in striking it down.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED JUNE 16, 1975 — DECIDED SEPTEMBER 2, 1975 — REHEARING DENIED SEPTEMBER 29, 1975.

*Baker & Strickland, Walter E. Baker,* for appellant.
*Lawson & Lawson, Roger H. Lawson,* for appellee.