## 44634. TIBBS v. TIBBS.
### (359 SE2d 674)

GREGORY, Justice.

On September 18, 1985 Ferrell Elliot Tibbs filed a complaint for divorce against Don F. Tibbs. At trial the wife's counsel offered into evidence the affidavit executed by the wife pursuant to Rule 24.2 of the Uniform Superior Court Rules. It was objected to by counsel for the husband on the basis that it was inadmissible as a "continuing witness." The husband did not offer a similar affidavit on his own behalf. The trial judge clearly stated that he felt the affidavit constituted continuing testimony and would be inadmissible if it were not for Rule 24.2. We hold that the trial court did not err in admitting the affidavit into evidence and allowing it to go out with the jury.

In Georgia the "continuing witness" objection is based on the notion that written testimony is heard by the jury when read from the witness stand just as oral testimony is heard when given from the witness stand. But, it is unfair and places undue emphasis on written

testimony for the writing to go out with the jury to be read again during deliberations, while oral testimony is received but once. *Thomason v. Genuine Parts Co.*, 156 Ga. App. 599, 601 (275 SE2d 159, 162) (1980). The trial judge correctly noted that the affidavit in this case would normally have fallen into the "continuing witness" category. We hold, however, that the Uniform Rules create a limited exception with regard to affidavits used in connection with support orders.

Rule 24.2 of the Uniform Superior Court Rules provides that "[I]n all contested actions involving alimony or child support, except failure to pay, at the time of a hearing or trial the applicant shall present to the court a statement of facts under oath in substantially the following form. . . ." The Rule goes on to require that "the respondent shall present to the court, and serve upon the opposing party, a similar statement of facts."

In our view the purpose behind this rule is to provide the trier of fact, judge or jury, with an organized summary of the contentions of each side regarding the financial status of the parties. Appellant contends the affidavits should not be allowed into evidence and to go out with the jury because litigants rarely fill them out honestly and because the affidavits are thus permitted to "speak twice." But we note they are required to be given under oath and that the affiants are subject to cross-examination. Furthermore, the affidavits are required by the rules to be furnished by both parties.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

DECIDED SEPTEMBER 9, 1987.

*Heyman & Sizemore, William H. Major,* for appellant.
*Hogan, Casey, Chalker & Cooper, William D. Cooper,* for appellee.