### A90A1475. KENNEY v. THE STATE.
(397 SE2d 131)

DEEN, Presiding Judge.

The appellant, Walter Kenney, was convicted of two counts of armed robbery and possession of a firearm during the commission of a crime. We find no error and affirm the convictions.

On March 20, 1989, a mustachioed man, wearing a trench coat, dark baseball cap, and sunglasses, robbed a tool rental store at gunpoint, and then drove off in a red Pontiac Bonneville. The store owner assisted the police in making a composite drawing of the robber, and later positively identified Kenney in a photo line-up, as well as at trial.

On March 21, 1989, a grocery store was robbed at gunpoint by a man disguised in the same manner as the tool rental store robber. At trial, the grocery store clerk acknowledged that the composite drawing looked like the robber, but she was unable to identify anyone because of the disguise. A customer who entered the grocery store immediately after the robbery observed the robber run to a maroon car parked in an adjoining lot and drive off "flying."

Kenney's wife testified against Kenney. She stated that on occasion Kenney had borrowed her mother's red 1977 Pontiac Bonneville, supposedly to look for employment, and recalled how Kenney had acknowledged committing both robberies. In fact, she was waiting in the car at the time of the grocery store robbery, having driven him there thinking that he was going to buy some dope. She confirmed that at the time, Kenney wore a trench coat, a cap, and sunglasses, and that he had a gun. She had eventually reported the above to the police. At trial both the tool rental store owner and the grocery store customer viewed a photograph of the mother's Pontiac Bonneville, and stated that it looked like the car used by the robber. *Held*:

1. During cross-examination of the tool rental store owner, the trial court stopped defense counsel from asking the witness what the investigating police officer recorded in his report. The trial court informed defense counsel that he could ask the witness what he told the police officer, and that he could ask the police officer what he recorded, but that he could not ask the witness what the police officer recorded in the report. Contrary to Kenney's contention on appeal, this limitation did not infringe upon his right of confrontation. Kenney correctly notes that a witness may refresh his recollection with another's written instrument, *Hollis v. State*, 191 Ga. App. 525 (3) (382 SE2d 145) (1989), but that was not what Kenney was attempting

to do in this case.

2. At the time of the photo lineup, the tool rental store owner was shown written instructions concerning the procedure. After viewing the photo array and selecting Kenney's photo, the witness signed the document and indicated his selection. The police officer also signed the document as a witness. The store owner read those instructions at trial, and the document went out with the jury during its deliberations. Kenney contends that the trial court erred in allowing the document to go out with the jury, because it improperly emphasized written over oral testimony.

"In Georgia the 'continuing witness' objection is based on the notion that written testimony is heard by the jury when read from the witness stand just as oral testimony is heard when given from the witness stand. But, it is unfair and places undue emphasis on written testimony for the writing to go out with the jury to be read again during deliberations, while oral testimony is received but once." *Tibbs v. Tibbs*, 257 Ga. 370, 371 (359 SE2d 674) (1987). This "continuing witness" objection usually concerns testimonial documentary evidence, such as the affidavit in *Tibbs*, and depositions of interrogatories. See *Shedden v. Stiles*, 121 Ga. 637 (49 SE 719) (1904). However, the objection has also been applied to unsworn, written dying declarations and written confessions or statements of criminal defendants, on the grounds that such statements are the equivalent of depositions. *Strickland v. State*, 167 Ga. 452 (145 SE 879) (1928); *Royals v. State*, 208 Ga. 78 (65 SE2d 158) (1951).

The photo lineup document cannot reasonably be categorized as the functional equivalent of a deposition. This court has previously viewed such lineup documents "not as statements of the witnesses, but rather as tools to explain the photographic lineup display which was shown to the witnesses before trial. . . ." *Brewton v. State*, 174 Ga. App. 109, 111 (329 SE2d 270) (1985). The trial court did not err in allowing it to go out with the jury.

3. Kenney also contends that the evidence was insufficient to support any conviction stemming from the grocery store robbery, because any such conviction would depend upon the uncorroborated testimony of Kenney's accomplice wife. Slight evidence from an extraneous source showing a defendant's criminal act is sufficient corroboration of an accomplice's testimony. *Adams v. State*, 191 Ga. App. 16 (3) (381 SE2d 69) (1989). The evidence of Kenney's committing a similar crime using the same disguise and automobile was sufficient corroboration in this case. The evidence authorized a rational trier of fact to find Kenney guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 4, 1990.

*Ronnie K. Batchelor*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.