A91A0734. MILLER v. THE STATE.
(410 SE2d 355)

Cooper, Judge.

Appellant was charged in one indictment with two counts of burglary and aggravated assault stemming from two separate incidents and appeals the judgment of conviction and sentence entered on the jury verdict. He raises the trial court's denial of a motion for severance as his sole enumeration of error.

This case involved two attacks on two different women while they were alone in their homes in the early morning hours. In the first incident, the victim discovered a man, whom she identified as appellant, in her living room. The victim testified that a scuffle ensued wherein she was choked and was rendered unconscious. In the second incident, the victim was awakened by appellant, who had positioned himself on her back and was demanding money. The two struggled, and the victim lost consciousness. Appellant contends that the incidents involved two unrelated and distinct sets of circumstances. " ' "The right of severance where the offenses are joined solely on the ground that they are of the same or similar character is 'because of the great risk of prejudice from a joint disposition of unrelated charges.' " (Cit.) However, where, as here, the similarity of the crimes reaches the level of a pattern, severance of the crimes is not required. (Cit.) "(I)n this particular kind of circumstance(, severance) lies within the sound discretion of the trial judge. . . ." (Cit.)' [Cit.]" Stinson v. State, 197 Ga. App. 687, 688 (1) (399 SE2d 278) (1990). Although the incidents at issue occurred on separate occasions and in different locations, it is readily apparent that they were sufficiently similar to evidence a pattern. See Davis v. State, 159 Ga. App. 356 (283 SE2d 286) (1981). Accordingly, we find no abuse of discretion in the trial court's denial of the motion for severance.

Judgment affirmed. Birdsong, P. J., and Pope, J., concur.

Decided September 6, 1991.

James P. Brown, Jr., for appellant.
Tommy K. Floyd, District Attorney, Charles E. Rooks, Assistant

*District Attorney*, for appellee.