## A94A0136. JOHNSON v. THE STATE.
(444 SE2d 334)

SMITH, Judge.

Jeffery Keith Johnson was charged with seven counts of armed robbery. At trial, one count, involving the robbery of a man on the street, was severed. Johnson was tried by a jury on the remaining counts, all involving the robbery of restaurants. He was convicted of three counts and acquitted of three. His motion for new trial was denied.

1. Johnson contends the trial court erred in denying his motion to sever. We do not agree. To avoid the "smear" effect possible when unrelated charges are tried together, severance is required if the offenses are joined solely because they are similar in nature. *Dingler v. State,* 233 Ga. 462 (211 SE2d 752) (1975). However, if the similarity reaches the level of a pattern, so that it evidences a scheme, plan, or bent of mind, joinder is not based *solely* on the similarity of the charges. See *Cooper v. State,* 253 Ga. 736, 737 (3) (325 SE2d 137) (1985). Where the modus operandi of the perpetrator is strikingly similar, and the facts demonstrate that the defendant is the common perpetrator, joinder may be proper. *Jordan v. State,* 172 Ga. App. 496, 497 (1) (323 SE2d 657) (1984). Under such circumstances, severance lies within the discretion of the trial judge. *Wilson v. State,* 188 Ga. App. 779, 780 (1) (374 SE2d 325) (1988).

Here, six fast-food restaurants were robbed within a 30-day period. Each occurred during the evening shift. In each case, the perpetrator was described as being a black man in his late twenties to mid-thirties, approximately six feet tall with a medium build. In each case, the robber entered the restaurant and either asked the cashier for a small amount of change or ordered food, pulling a large silver-colored handgun when the cash drawer was opened and taking either the entire cash drawer or all the money from it. In each case, the gunman then left quietly and without further instructions or incident.

As pointed out in *Parks v. State,* 199 Ga. App. 736, 738 (1) (406 SE2d 229) (1991), these similarities evidence a pattern that would justify the admission of the other robberies in each trial even if the

charges were severed. Since they were not joined *solely* because they are of the same or similar character, the trial court did not abuse its discretion in refusing to sever the offenses. *Miller v. State*, 201 Ga. App. 124 (410 SE2d 355) (1991).

2. Johnson maintains the evidence was insufficient to support his conviction. He argues that after the victims had selected Johnson's photograph from the line-up, a detective indicated that Johnson had been implicated in other robberies. On this basis, he contends the victims' in-court identifications of him were tainted. We find no merit in this contention.

Johnson raises this issue for the first time on appeal. He did not object to the victims' identification testimony below or ask the trial court to rule on its admissibility. He has therefore failed to preserve this issue for appeal. *Hall v. State*, 180 Ga. App. 881, 882 (2) (350 SE2d 801) (1986).

He also asserts that no physical evidence linked him to any of the robberies. The only evidence against him was the victims' positive identification of him as the robber. However, the testimony of a single witness is sufficient under Georgia law to establish a fact, and these victims' testimony did not require corroboration. OCGA § 24-4-8. The victims in the three robberies for which he was convicted testified they were certain that Johnson was the man who robbed them at gunpoint. The evidence was sufficient under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to support Johnson's conviction on three counts of armed robbery.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 15, 1994 —
RECONSIDERATION DENIED MAY 11, 1994.

*Abbi S. Taylor*, for appellant.

Jeffery Johnson, *pro se*.

*J. Tom Morgan, District Attorney, Gregory J. Giornelli, Gregory A. Adams, Robert E. Statham III, Assistant District Attorneys*, for appellee.