## A95A0785. SAMPLES v. THE STATE.
### (460 SE2d 795)

SMITH, Judge.

Willie Samples was charged with three counts of armed robbery, felony obstruction of an officer, and giving a false name to an officer. A jury found him guilty of all charges, but the trial court merged two of the armed robbery counts. Samples' motion for new trial was denied.

1. The charges stemmed from the robbery of two restaurants. Samples contends the charges relating to the two separate robberies were improperly joined and the trial court erred in denying his motion for severance. We do not agree.

Offenses may be joined for trial when they are based on the same or similar conduct or when they are based on a series of acts that are connected or part of a single scheme or plan. *Dingler v. State*, 233 Ga. 462, 463 (211 SE2d 752) (1975). When charges have been joined solely on the ground that they are of the same or similar character, severance is mandatory; if they are joined for other permissible reasons, however, the trial court has discretion on the issue of severance. Id. Severance should be granted if it is necessary "to achieve a fair determination of the defendant's guilt or innocence of each offense." (Citations and punctuation omitted.) *Carter v. State*, 192 Ga. App. 726, 727 (4) (386 SE2d 389) (1989).

When the similarity of separate offenses reaches the level of a pattern, it may evidence a single scheme or plan. *Johnson v. State*, 213 Ga. App. 194 (1) (444 SE2d 334) (1994). In this case, such a scheme is obvious from the details. Both robberies occurred in the early morning hours. In both instances, the robber paid for food with a five-dollar bill, demanded all the money in the register when it was opened to make change, then reached over and grabbed the cash himself. Victims and witnesses to both robberies identified the same wig as the one worn by the robber and the same automatic pistol as the one used. The wig was found in Samples' father's house; the gun was turned over to the police by Samples' stepbrother. Victims of both robberies identified Samples as the robber.

The trial court charged the jury that the two crimes were separate and any belief that Samples was guilty of one should not control their verdict as to the other. The jury was also instructed that the State bore the burden of proving each offense beyond a reasonable doubt. The trial court did not abuse its discretion by denying Samples' motion to sever the offenses. *Johnson*, supra, 213 Ga. App. 194.

2. Samples complains of the trial court's refusal to allow him to question potential jurors about the extent of their political activity. During voir dire, defense counsel propounded the following question: "[A]re any of you . . . active in politics, and by active in politics I

would basically mean that you do more than vote?" The trial court prevented the question from being answered, deeming it inappropriate. Samples argues that in so doing, the trial court undermined his effort to pick an impartial jury.

(a) The State's argument that Samples failed to preserve this issue for appellate review is without merit. See *Perry v. State*, 216 Ga. App. 661, 662 (1) (a) (455 SE2d 607) (1995).

(b) The right to an impartial jury is, of course, of constitutional magnitude. *Falsetta v. State*, 158 Ga. App. 392, 393 (1) (280 SE2d 411) (1981). Samples, however, stands upon the rights guaranteed him by the statutes of this State. Under Georgia law, counsel is entitled to great latitude in examining prospective jurors, but control of voir dire is within the court's discretion. *Jackson v. State*, 209 Ga. App. 217, 220 (6) (433 SE2d 655) (1993). That discretion is limited by OCGA § 15-12-133, which extends to both the defense and the State the absolute right to question jurors regarding certain matters, including their "religious, social, and fraternal connections." The statute, however, does not enumerate jurors' political activity.

Samples suggests that when considered in conjunction with other factors, an active political life somehow indicates a pro-prosecution bias that the trial court prevented him from uncovering. The record does not reflect that Samples offered the trial court any authority supporting this argument, however, and he offers none now. His bare assertion that the question was designed to reveal a pro-prosecution bias, without support in logic, common experience, or authority, does not suffice to show an abuse of discretion by the trial court.

3. Samples maintains the trial court erred in allowing certain photographic lineup admonition/photographic identification forms to go out with the jury. His argument that these documents are similar to depositions and dying declarations and constitute prohibited "continuing witnesses" has been rejected by this court several times. See, e.g., *Parks v. State*, 199 Ga. App. 736, 738-739 (2) (406 SE2d 229) (1991); *Kenney v. State*, 196 Ga. App. 776, 777 (2) (397 SE2d 131) (1990). We find no error.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED MAY 31, 1995.

*Scott C. Gladstone*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, J. Michael McDaniel, Assistant District Attorneys*, for appellee.