S96A0169. FLOURNOY v. THE STATE.
(469 SE2d 195)

CARLEY, Justice.

After a jury trial, Emory Flournoy was found guilty of one count of felony murder and four counts of aggravated assault. He was sentenced to life for the murder and to four twenty-year terms for the assaults. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.[1]

1. Construing the evidence most favorably for the State and most strongly against Flournoy shows the following: After one of his companions had flagged down a jeep and exchanged words with the driver, Flournoy began firing a semi-automatic pistol. The driver of the jeep pulled away and the passengers ducked as they heard seven or eight shots and felt broken glass. A bullet struck one of the passengers in the back and he died shortly thereafter. Three of the surviving passengers identified Flournoy as the perpetrator, as did Flournoy's companion who had flagged down the jeep. Based upon this evidence, a rational trier of fact was authorized to find proof of Flournoy's guilt of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Flournoy urges that certain evidence was subject to a "continuing witness" objection and was erroneously allowed to go out with the jury. See *Tibbs v. Tibbs*, 257 Ga. 370 (359 SE2d 674) (1987). The record shows, however, that Flournoy raised no "continuing witness" objection either when the evidence was introduced or when it was in-

---

[1] The crimes were committed on June 24, 1994 and Flournoy was indicted on August 16, 1994. The guilty verdicts were returned on March 14, 1995 and, on March 17, 1995, the judgments of conviction and sentences were entered thereon. The motion for new trial was filed on April 10, 1995 and was denied on August 8, 1995. The notice of appeal was filed on August 23, 1995 and the case was docketed in this Court on October 26, 1995. The appeal was submitted for decision on December 18, 1995.

cluded in the exhibits sent to the jury room. It follows that this issue has not been preserved for appeal. An enumeration of error "complaining of the admission of evidence or of documents going out with the jury presents nothing for decision by the Supreme Court where no objection is shown to have been made at trial." *Morris v. State*, 200 Ga. 471 (1) (37 SE2d 345) (1946). Because the "continuing witness" issue was not preserved for review, any discussion of it in this appeal would constitute dicta and would not establish a binding precedent of this Court. See *Dorsey v. City of Atlanta*, 216 Ga. 778, 782 (119 SE2d 553) (1961); *Moyers v. State*, 186 Ga. 446, 459 (1) (197 SE 846) (1938).

*Judgments affirmed. All the Justices concur.*

FLETCHER, Presiding Justice, concurring.

I concur in the judgment, but write separately because I disagree with the Court of Appeals cases that exempt the photographic line-up forms from the continuing witness objection.[2] In my opinion, the photographic identification forms should not be delivered to the jury for it to consider in reaching a verdict, unlike the actual photographic line-up, which may be delivered if properly admitted into evidence.

Georgia courts allow litigants to object to a written statement as a "continuing witness" to avoid placing undue emphasis on written testimony.[3] This objection prevents the writing from going out with the jury to be read and reread during its deliberations.[4] Instead, the written testimony is treated like oral testimony that the jury hears only once from a witness.[5] Applying this rule, we have held that trial courts should not provide to the jury any answers to interrogatories,[6] written dying declarations,[7] signed statements of guilt, " 'or other instruments of evidence depending for their value on the credibility of the maker.' "[8]

Like the written testimony we have previously found subject to the continuing witness objection, the photographic identification forms introduced in this case are documentary evidence that rely on the maker's credibility for their value. The witnesses signed a statement that "positively identified photo #5 as being the person who

---

[2] See *Samples v. State*, 217 Ga. App. 509, 510 (460 SE2d 795) (1995); *Parks v. State*, 199 Ga. App. 736, 738-739 (406 SE2d 229) (1991); *Kenney v. State*, 196 Ga. App. 776, 777 (397 SE2d 131) (1990).

[3] *Tibbs v. Tibbs*, 257 Ga. 370, 370-371 (359 SE2d 674) (1987).

[4] *Shedden v. Stiles*, 121 Ga. 637, 640 (49 SE 719) (1905).

[5] *Thomason v. Genuine Parts Co.*, 156 Ga. App. 599, 601 (275 SE2d 159) (1980).

[6] *Shedden*, 121 Ga. at 639-640.

[7] *Strickland v. State*, 167 Ga. 452, 460-462 (145 SE 879) (1928).

[8] *Royals v. State*, 208 Ga. 78, 81 (65 SE2d 158) (1951) (quoting *People v. Spranger*, 145 NE 706, 710 (Ill. 1924)).

committed the offense of *murder.*" A handwritten note, "90% as shooter," was added at the bottom of each form. These statements, if read and reread in the jury room, would speak more than once on the disputed issue of the shooter's identity and unfairly elevate written testimony over similar oral testimony. Therefore, I believe that they should not go out with the jury during its deliberations when the defendant makes a proper objection.

I am authorized to state that Justice Sears joins in this concurrence.

DECIDED APRIL 29, 1996.

*Stacy S. Levy, Nancy K. Peterson,* for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Tamar P. Stern, District Attorneys, Michael J. Bowers, Attorney General, Christopher S. Brasher, Assistant Attorney General,* for appellee.