## S02A0300. CARR v. THE STATE.
(563 SE2d 850)

HUNSTEIN, Justice.

Joe Anthony Carr was convicted of malice murder, two counts of felony murder, aggravated assault, and possession of a firearm by a convicted felon arising out of the shooting death of Ernest Golden. He appeals from the denial of his motion for a new trial.[1] We affirm.

1. The evidence adduced at trial authorized the jury to find that appellant approached Golden carrying an assault-type rifle while the victim was outside of his room at the Lakewood Motor Lodge. According to witnesses Golden was extremely intoxicated at the time he announced to appellant "I ain't scared of no gun." Appellant immediately replied "Who you talking to? You must know who I am," and shot Golden. Golden died on the scene from the gunshot blast to the pelvis. Appellant then fled the scene. One eyewitness who was familiar with appellant and appellant's family testified that she observed appellant shoot the victim and then run away. Another eyewitness testified that there was no physical confrontation between the victim and appellant before the shooting. A third witness testified that he heard a gunshot, then immediately observed appellant standing over the victim telling the victim "not to play with him." Appellant, on the other hand, disavowed any involvement in the shooting and claimed the identification was a case of mistaken identity.

We find the evidence sufficient to enable a rational trier of fact to find appellant guilty of the charged crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant asserts that the prosecutor committed three instances of prosecutorial misconduct wherein the prosecutor (a)

---

[1] The crimes occurred on October 22, 1997. Carr was indicted on October 1, 1999 in Fulton County. He was found guilty on October 18, 1999 of malice murder, felony murder, aggravated assault and possession of a firearm by a convicted felon; he was sentenced on October 26, 1999 to life imprisonment on the malice murder and five years consecutive for possession of a firearm. The trial court merged the felony murder and aggravated assault convictions with the malice murder conviction. Carr's motion for new trial, filed November 28, 1999, amended on February 13 and 14, 2001, was denied on April 16, 2001. A notice of appeal was filed April 23, 2001. Carr's motion for the trial court to enter findings of fact and conclusions of law was denied on June 20, 2001. The appeal was docketed on November 8, 2001 and submitted for decision on the briefs.

intentionally sought to inflame the jury when she referred to the SKS semi-automatic rifle used in the crime as an AK-47, (b) improperly injected her personal opinion about a witness for the State in her opening statements and closing argument by referring to the "honesty" of the witness, and (c) made an improper "golden rule" argument, see *McClain v. State*, 267 Ga. 378, 383 (3) (a) (477 SE2d 814) (1996), when she invited the jury to "be the voice of [the victim]." Inasmuch as appellant did not promptly interpose an objection to the prosecutor's statements or argument or move for a mistrial, see *Metts v. State*, 270 Ga. 481 (4) (511 SE2d 508) (1999), he has waived his right to complain on appeal. However, in light of appellant's challenge to the effectiveness of his trial counsel, we have carefully reviewed the prosecutor's opening statements and closing arguments and find there were no improper misrepresentations and no improper inflammation of the jurors' emotions. Furthermore, assuming arguendo that the prosecuting attorney's argument inviting the jury to "be the voice for Ernest Golden" was improper, consideration of the entire record convinces us that there is no reasonable probability that the erroneous comment contributed to the verdict. See *McClain v. State,* supra; see generally *Blanchard v. State*, 247 Ga. 415 (2) (276 SE2d 593) (1981).

3. Appellant contends that the trial court erred when it failed to sustain appellant's hearsay objection to testimony by Investigator Carawan. The transcript reveals that the confusing chronology of events started during a conference outside of the presence of the jury between the court, the prosecutor, and appellant's attorney wherein appellant's attorney stated that he desired for the jury to hear testimony by the investigator about how she obtained the search warrant to search the home of appellant's brother, Dale Carr. During her subsequent testimony, the investigator stated that Dale Carr told her "he knew where the weapon was at that his brother, Joe Carr, had shot the subject with." Appellant's attorney interposed an objection but thereafter withdrew the objection claiming it was made in error. Nevertheless, the trial court gave curative instructions to the jury immediately after the investigator made the statement. Pretermitting whether appellant has waived his right to challenge this alleged error on appeal, we note that the remedial instruction by the trial court was sufficient to prevent the testimony from having any prejudicial impact. See generally *Crawford v. State*, 256 Ga. 585 (2) (351 SE2d 199) (1987).

4. Appellant also contends the rule against allowing a written statement of a witness to go out with the jury was violated when the trial court permitted the photographic lineup and identification sheet which contained witness Usher's written identification of appellant as the perpetrator to go out with the jury during deliberations. Inas-

much as the record reveals that appellant failed to register an objection when the photo lineup and identification sheet were introduced into evidence or when they were included in the exhibits sent to the jury room, the issue has not been preserved for review. *Flournoy v. State*, 266 Ga. 618 (2) (469 SE2d 195) (1996).

5. Appellant further contends that the trial court erred by denying his motion for a new trial on the basis that he received ineffective assistance of trial counsel. In making this determination, this Court applies the two-prong test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), under which the convicted defendant is required to show both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Jenkins v. State*, 268 Ga. 468 (10) (491 SE2d 54) (1997). We have already addressed the alleged errors which encompass trial counsel's decisions not to object to the allegedly improper opening and closing arguments by the prosecutor, his failure to object to the "golden rule" argument, and the purported failure to object to Investigator Carawan's testimony. We further note that trial counsel's decision not to call two alibi witnesses and not to object to the admission of the shell casing found at the scene was a matter of trial strategy and tactics within the bounds of reasonable professional conduct. Likewise, counsel's performance was not deficient in failing to make a continuing witness objection to delivery of the photographic admonition sheet to the jury. See *Samples v. State*, 217 Ga. App. 509 (3) (460 SE2d 795) (1995); but see *Flournoy v. State*, supra, 266 Ga. at 619 (Fletcher, P. J., concurring). Finally, the record supports the trial court's finding that appellant's trial counsel was not ineffective in failing to seek a mistrial after testimony by the police investigator placed appellant's character in issue. Counsel objected to the complained of testimony and the court admonished the witness and instructed the jury to disregard the testimony. Appellant's counsel explained that the decision not to seek a mistrial was strategic and that he and appellant reached a mutual, tactical decision that it would be in appellant's advantage to proceed with trial. *DeYoung v. State*, 268 Ga. 780 (5) (493 SE2d 157) (1997). See generally *Willingham v. State*, 268 Ga. 64 (6) (485 SE2d 735) (1997).

6. In his final enumeration of error, appellant claims the trial court erred by failing to make specific written findings of fact and conclusions of law when it rendered the order denying the motion for new trial. Appellant cites no statutory authority requiring that the court include findings upon the request of any party, nor is there any recommendation in the Criminal Benchbook, Georgia Superior Courts, § 21.13 (1997) for specific findings in a motion for new trial. In any event, when reviewing a trial court's decision on a motion for new trial, this Court's responsibility even without specific findings is

to ensure that there is a substantial basis for the decision. In reviewing the denial of a motion this Court may consider both the transcript of the motion hearing and the trial transcript and review is under the standard espoused in *Jackson v. Virginia,* supra, to determine if the evidence, when viewed in the light most favorable to the prosecution, supports the verdict. Contrary to appellant's contention, it was not error for the trial court to fail to set forth in writing what evidence in the record supported its determination.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 13, 2002.

*Charles H. Frier,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General,* for appellee.