## S10A0326. DOCKERY v. THE STATE.

(695 SE2d 599)

HUNSTEIN, Chief Justice.

Appellant Jeremy Dockery appeals his conviction for murder and related charges arising from a June 2005 shooting, which killed Kareem Nicholson and injured Selena Golden. Finding no error, we affirm.[1]

1. Construed most strongly in favor of the verdict, the evidence adduced at trial established as follows. On the night of the crimes, appellant and Lamont Seals encountered Brandon Hosch at a Gwinnett County sports bar. An altercation ensued between Seals and Hosch, who had previously been involved in a fight at another nightclub, and Seals threatened to kill Hosch. The men were escorted out of the sports bar, and appellant and Seals left in a white Malibu belonging to appellant's girlfriend. After going home to retrieve pistols, appellant and Seals drove to a gas station across the street from the sports bar and spotted Hosch there. They got out of the car and opened fire in Hosch's direction but missed their mark, instead hitting victims Nicholson and Golden. Appellant and Seals then returned to the car and sped away. Although Golden survived, Nicholson died from gunshot wounds to the head and chest. The white Malibu was found hours later in a parking lot less than a mile from the crime scene.

In the aftermath of the crime, victim Golden and three other eyewitnesses identified appellant from a photo lineup as having been the shooter. At trial, all four of these witnesses confirmed their prior identification and testified that appellant was the perpetrator; a fifth eyewitness also testified at trial that appellant was the shooter. Another witness, who was incarcerated with appellant in the months after the shooting, testified that appellant had described to him the crime and the events leading up to it and boasted that the State lacked sufficient evidence to convict him. In addition, Seals, who was called as a witness for the State under a grant of testimonial immunity,

---

[1] The crimes occurred on June 3, 2005. Appellant was indicted by a Gwinnett County grand jury on September 7, 2005 on charges of malice murder, felony murder, two counts of aggravated assault, and possession of a firearm during the commission of a felony. Appellant was tried April 16-24, 2007 and found guilty on all counts and sentenced to life imprisonment for the malice murder of Nicholson, twenty years consecutive for the aggravated assault of victim Golden, and five years consecutive, to be served on probation, for the firearm possession count. The felony murder count was vacated by operation of law, and the aggravated assault count as to Nicholson merged into the malice murder conviction. *Malcolm v. State*, 263 Ga. 369 (4), (5) (434 SE2d 479) (1993). Appellant filed a timely motion for new trial, which was amended twice following the appointment of appellate counsel. After holding an evidentiary hearing, the trial court denied the motion for new trial on June 18, 2009, and appellant filed his notice of appeal on June 30, 2009. The case was docketed for the January 2010 term in this Court and was submitted for decision on the briefs.

corroborated various details of the night of the crimes and testified specifically that it was appellant who actually shot the victims.

The evidence as set forth above was sufficient to enable a rational trier of fact to find appellant guilty of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Despite appellant's assertions as to various discrepancies in witness testimony, "the appellate courts do not resolve conflicts in trial testimony nor do they weigh the evidence on appeal. [Cits.]" *Willis v. State*, 263 Ga. 597, 598 (1) (436 SE2d 204) (1993).

2. The trial court did not abuse its discretion in declining to strike for cause a prospective juror whose native language was Spanish. See *Abdullah v. State*, 284 Ga. 399 (2) (667 SE2d 584) (2008) (decision to strike juror for cause reviewed under abuse of discretion standard). Though the juror expressed concern that he might not understand legal terminology, he also testified that he had lived in America for 22 years, demonstrated his ability to speak and understand English by his responses in voir dire, and affirmed that he believed he could be a fair and impartial juror. See id. (no abuse of discretion where trial court declined to strike juror whose speech and comprehension were good). Compare *Sears v. State*, 268 Ga. 759 (7) (493 SE2d 180) (1997) (trial court properly excused prospective juror who exhibited difficulty understanding and speaking English). This enumeration is thus without merit.

3. The trial court likewise did not err by excepting the State's lead investigator, Detective Steven Shaw, from the rule of sequestration. It is well within the trial court's discretion to permit a witness to remain in the courtroom despite invocation of the rule of sequestration where the State shows his presence is necessary for the orderly presentation of evidence. *Thorpe v. State*, 285 Ga. 604 (2) (678 SE2d 913) (2009). Given the volume of testimony and evidence offered at trial and Detective Shaw's significant role in the investigation, the trial court did not abuse its discretion by allowing him to remain in the courtroom. See id.

4. Appellant contends the trial court erred by allowing certain exhibits to go out with the jury during deliberations in violation of the continuing witness rule. See generally *Davis v. State*, 285 Ga. 343 (8) (676 SE2d 215) (2009). See also Milich, Georgia Rules of Evidence (2nd ed.), § 19.8, pp. 433-434 ("if the writing is little more than the reduction of or substitute for the person's oral statements, then the writing does not go out with the jury"). The four exhibits complained of were pre-printed forms filled out by each of the four eyewitnesses who testified to having identified appellant as the shooter from a pretrial photo lineup. The forms contain the following, limited information: the witness' name and signature, the number of the

photograph the witness selected from the lineup, the date and time of the selection, and the name of the detective who conducted the lineup.[2] Unlike the documents in cases such as *Flournoy v. State*, 266 Ga. 618, 619-620 (469 SE2d 195) (1996) (photo lineup statement reflected that the witness "'positively identified photo #5 as being the person who committed the offense of murder'" with additional handwritten note stating "'90% as shooter'") and *Parks v. State*, 199 Ga. App. 736, 738 (2) (406 SE2d 229) (1991) (finding harmless the submission to the jury of photo identification sheet containing comment that "'(i)t has to be #2 because the mustache and lips matched the robber'"), no additional information was added to the challenged documents in this case. We thus conclude under these circumstances that, in each instance, "[t]he photographic lineup file was not a testimonial account of the [witness'] identification of the appellant but was documentary evidence of the event itself." *Morrow v. State*, 166 Ga. App. 883, 884 (1) (305 SE2d 626) (1983). See also *Kenney v. State*, 196 Ga. App. 776 (2) (397 SE2d 131) (1990) (no continuing witness rule violation where printed lineup form contained instructions concerning the procedure, the photo selected by the witness and the signatures of the witness and police officer). Accordingly, the admission of these exhibits did not violate the continuing witness rule.

5. Appellant contends that trial counsel was ineffective in four respects. In order to establish ineffective assistance of counsel, the defendant must show that counsel's performance was professionally deficient and that but for such deficient performance there is a reasonable probability that the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668, 695 (104 SC 2052, 80 LE2d 674) (1984); *Wesley v. State*, 286 Ga. 355 (3) (689 SE2d 280) (2010). Decisions of counsel made in furtherance of reasonable trial strategy do not constitute deficient performance. *Upton v. Parks*, 284 Ga. 254 (2) (664 SE2d 196) (2008). A trial court's factual findings on an ineffectiveness claim will be upheld unless clearly erroneous; its legal conclusions are reviewed de novo. *King v. State*, 282 Ga. 505 (2) (651 SE2d 711) (2007).

(a) Appellant first claims that trial counsel was ineffective for failing to request a jury charge on "the violation of the rule of sequestration" in light of the trial court's decision to allow Detective Shaw to remain in the courtroom throughout the presentation of the State's case. However, as we held in Division 3, supra, there was no

---

[2] Although the documents were titled "Photographic Line-up Affidavits," the forms were not executed with any of the legal formalities required of a valid affidavit. See generally *Sambor v. Kelley*, 271 Ga. 133 (3) (518 SE2d 120) (1999).

violation of the rule of sequestration in regard to Detective Shaw. To the extent this enumeration can be read as asserting counsel's error in failing to request the trial court to charge the jury that, in determining the weight and credibility of Detective Shaw's testimony, it may consider that he heard the testimony of other witnesses prior to testifying himself, see *Morgan v. State*, 287 Ga. App. 569 (3) (651 SE2d 833) (2007), even assuming that trial counsel's failure to request such a charge constituted deficient performance, appellant cannot demonstrate prejudice in light of the overwhelming evidence substantiating his guilt. See generally *Swanson v. State*, 282 Ga. 39 (6) (644 SE2d 845) (2007).

(b) In the same vein, appellant also challenges trial counsel's failure to request that Detective Shaw testify as the State's first witness, rather than at the end of the State's case-in-chief, in light of his presence throughout the entirety of the State's case. Even if the failure to so request could be said to constitute deficient performance, appellant has failed to establish the requisite prejudice in light of the overwhelming evidence of his guilt.

(c) Appellant also assails trial counsel's failure to object to the prosecutor's characterization of appellant as a "thug" during closing argument. Given the wide latitude afforded the prosecution in closing argument, see generally *Smith v. State*, 284 Ga. 599 (2) (a) (699 SE2d 98) (2008), and the fact that the characterization was based on reasonable inferences drawn from the evidence,[3] compare *Bell v. State*, 263 Ga. 776 (439 SE2d 480) (1994) (reversing where prosecutor injected extraneous and prejudicial matters that had no basis in the evidence), counsel's failure to make this meritless objection did not constitute deficient performance. See also *Jackson v. State*, 278 Ga. 235 (5) (a) (599 SE2d 129) (2004) (counsel not ineffective for failing to object to "thug" reference in State's closing argument).

(d) Finally, appellant challenges trial counsel's failure to request a jury charge on immunity granted to a witness, in light of the grant of testimonial immunity to witness Seals. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.31.80 (4th ed.). Though trial counsel did not request such a charge, the transcript reveals that Seals was questioned regarding the grant of immunity and was thoroughly cross-examined regarding his motives for testifying. This questioning and the general jury instructions on witness credibility that were given were sufficient to apprise the jury of any

---

[3] Although appellant complains that the term "thug" is sometimes used as a racial epithet, our careful review of the State's argument reveals nothing to indicate that the prosecutor used this term in any manner other than its common meaning, i.e., a "brutal ruffian or assassin." Merriam-Webster's Collegiate Dictionary (11th ed., 2003), p. 1304.

negative inferences it might draw from the immunity arrangement involving this witness. See, e.g., *Scott v. State*, 298 Ga. App. 376 (4) (b) (680 SE2d 482) (2009) (counsel not ineffective for failing to request charge on immunity or leniency where potential bias brought out on cross-examination). Accordingly, appellant can show no prejudice from counsel's failure to request the more specific instruction. See *Lajara v. State*, 263 Ga. 438 (3) (435 SE2d 600) (1993) (no prejudice from failure to request instruction on immunity).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 7, 2010.

*Glynn R. Stepp*, for appellant.

*Daniel J. Porter, District Attorney, Sabrina Nizamuddin, Assistant District Attorney, Thurbert E. Baker, Attorney General, Reggie A. Lampkin, Assistant Attorney General*, for appellee.