## A10A1428. FRAZIER v. THE STATE.

(704 SE2d 431)

BARNES, Presiding Judge.

A jury convicted Brian Keith Frazier of burglary, and he appeals, contending that the trial court erred in not dismissing a juror for cause due to language problems and in denying his mid-trial request for a transcript of the victim's testimony. He also asserts that the trial court erred in denying his motion for new trial based on the State's improper closing argument and on his trial counsel's ineffectiveness for failing to object to the improper argument. For the reasons that follow, we affirm.

1. The decision to strike a potential juror for cause lies within the sound discretion of the trial court and will not be set aside absent some manifest abuse of that discretion. *Abdullah v. State*, 284 Ga. 399, 400 (2) (667 SE2d 584) (2008). Although the juror in question here said he "barely" spoke English and did not understand some of the general questions asked of the panel, upon further questioning he said he only had "a little bit" of difficulty understanding some of the legal terms that the trial court used. He had lived in the United States for twenty-one years and had been a citizen for ten, and explained that it was harder for him to speak English than to understand it. In denying Frazier's motion to strike the juror for cause, the trial court noted that the juror did not seem to have any problem communicating. We find no abuse of discretion in the trial court's denial of Frazier's request to strike this juror for cause. See *Dockery v. State*, 287 Ga. 275, 276 (2) (695 SE2d 599) (2010).

2. Frazier contends the trial court erred by "refusing" to provide him with a transcript of the victim's testimony to assist him in preparing for closing argument. During cross-examination of the victim, Frazier's trial counsel asked the court for a copy of the transcript of the victim's testimony because in questioning her and writing notes, he was afraid he was "missing some things" and wanted to have the transcript for his closing argument. The trial court responded it would think about it but was not inclined to do so, and Frazier never raised the issue again. Having failed to obtain a ruling, this issue is waived on appeal. *Butts v. State*, 273 Ga. 760, 771 (31) (546 SE2d 472) (2001). Thus, this enumeration is without merit.

3. Frazier contends that the trial court erred in denying his motion for new trial based on the State's improper closing arguments, and contends his trial counsel was ineffective for failing to object to these improper arguments. In considering these enumerations, we consider first whether the arguments were improper, and if so, then whether the improper arguments were so prejudicial as to require a new trial. The prejudice evaluation is the same "whether the improper arguments are considered directly or in the context of

an ineffectiveness claim." *Ford v. State*, 255 Ga. 81, 93-95 (8) (i) (335 SE2d 567) (1985), vacated on other grounds, *Ford v. Georgia*, 479 U. S. 1075 (107 SC 1268, 94 LE2d 129) (1987).

Frazier argues that the prosecutor improperly conveyed his personal assessment of the evidence during his closing argument by repeatedly saying, "I think" and "I believe." The prosecutor also stated that he believed, as Frazier's witnesses testified, that Frazier had been at his alibi location and had been drinking. He also stated that he believed a State's witness had been "very honest" in his testimony that he did not see Frazier in the apartment, and that if any additional information had been available he would have brought it to trial.

Our appellate courts "have often stated that a prosecutor may not express his or her personal opinion in closing argument." *Carruthers v. State*, 272 Ga. 306, 311 (3) (a) (528 SE2d 217) (2000). The State argues that the prosecutor was simply arguing that the jury could believe all the witnesses and still conclude that Frazier committed burglary, because the defense witnesses could not testify that they had been with Frazier every moment of that evening and his alibi location was very close to the burglary site. To the extent the prosecutor argued that he believed the witnesses, "[t]his kind of argument is easily avoided by insisting that lawyers restrict themselves to statements such as 'the evidence shows . . .' or something similar." (Punctuation omitted.) *Ford v. State*, supra, 255 Ga. at 91, n. 6.

Even if we assume that Frazier's trial counsel was ineffective for failing to object to the prosecutor's argument, Frazier still has failed to show actual prejudice as required by *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), because the evidence against him was overwhelming. The victim testified that when she returned home to her townhouse, all of the lights were on and when she opened the front door she saw Frazier running toward her down the stairs, "face to face and eye to eye." He kicked the door shut in her face and when she opened the door again he was running out the back door. She recognized him because he had lived next door for three months and had socialized with her regularly. The victim's roommate testified that she saw Frazier running out the back door, and recognized him because he had been living next door and was wearing the same clothes he had been wearing earlier in the day. The roommate's son, who had been in the parking lot, ran to the back yard but did not see anyone so he got into his car and drove through the neighborhood. He drove past Frazier, who was running down the street, and when he turned his car around he saw Frazier lying in the middle of the road. The witness testified that Frazier got up and said, "It wasn't me. Someone broke into my house too." Frazier presented

three alibi witnesses who testified that he had been at a cookout nearby from morning until after the robbery, although none of them testified Frazier had been with them the entire time.

In light of this evidence, Frazier has not shown that, had trial counsel objected to the State's closing argument, there was a reasonable probability that the outcome of his trial would have been different. See *Bridges v. State*, 286 Ga. 535, 540 (6) (690 SE2d 136) (2010). Therefore, these final enumerations of error are without merit.

*Judgment affirmed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge William LeRoy McMurray, Jr., concur.*

DECIDED OCTOBER 22, 2010 —
RECONSIDERATION DENIED DECEMBER 1, 2010.

*Edwin J. Wilson*, for appellant.
*Daniel J. Porter, District Attorney, Robby A. King, Assistant District Attorney*, for appellee.