S06A0159. WILLIAMS v. THE STATE.
S06A0329. LANE v. THE STATE.
(630 SE2d 410)

MELTON, Justice.

In these companion cases regarding the murder of Oscar Tyson, James Lee Williams appeals his convictions for malice murder, aggravated assault, and possession of cocaine with intent to distribute, and Frederick Earl Lane appeals his convictions for malice murder, two counts of felony murder, aggravated assault, possession

---

of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. Lane and Williams, who are half-brothers, were tried as co-defendants.[1]

In the light most favorable to the verdicts, the evidence of record authorized the jury to find that, during the early morning hours of October 6, 2002, Lane entered into an altercation with Chenita Dowdy at the Liberty Inn in Savannah, Georgia. Lane and Dowdy had been using drugs together, and Dowdy testified that Lane attempted to rape her. When Dowdy got away from Lane, she went to Tyson for consolation, thereby angering Lane. At that point Lane left the Liberty Inn and returned later with two other men, one of whom was Williams. Eyewitnesses saw Lane with a gun in his hand when he returned to the Inn, and one witness identified Williams as one of Lane's companions. The third man was not identified. The three men went to a back area of the Liberty Inn and confronted Tyson. Peeking through curtains, Dowdy witnessed Lane shooting Tyson both while Tyson was standing and after he had fallen to the ground. Forensics showed that bullets from at least two separate guns were lodged in Tyson's body.

Sometime later, after he had returned to work, Lane admitted to one of his co-workers that he killed Tyson with the assistance of Williams, and this admission was recorded by a hidden wire. In his admission, Lane stated that Tyson had previously stolen $20,000 from him, and Lane gave a detailed description of the murder which corroborated the evidence found at the crime scene. For example, Lane admitted that he shot Tyson both while he was standing and while he was on the ground. Lane further stated that Williams had told him that he would assist in taking revenge on Tyson only if the plan was to kill Tyson in order to prevent him from later going to the

---

[1] On December 23, 2002, Williams was indicted for murder, two counts of felony murder, aggravated assault, possession of a firearm by a convicted felon, possession of a firearm during the commission of a felony, and possession of cocaine with intent to distribute, and Lane was indicted for murder, two counts of felony murder, aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. On May 12, 2004, a jury convicted Williams and Lane; however, Williams was found not guilty on the charge of felony murder. The trial court sentenced Williams to life imprisonment for murder (into which the aggravated assault conviction was merged) and 20 years concurrent for possession of cocaine with intent to distribute. Lane was sentenced as a recidivist to life without parole for murder (into which the conviction for aggravated assault merged), five years concurrent for possession of a firearm by a convicted felon, and five years concurrent for possession of a firearm during the commission of a felony. Lane's felony murder convictions stood vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993). Williams' motion for new trial, dated June 4, 2004 and amended on January 20, 2005, was denied on April 13, 2005. Lane's motion for new trial, dated May 25, 2004 and amended on October 26, 2004, was denied on April 14, 2005. Williams' timely appeal was docketed in this Court on September 26, 2005, and Lane's timely appeal was docketed on October 21, 2005. Their appeals were submitted for decision on the briefs.

police. When police attempted to arrest Williams, a standoff occurred, and Williams claimed that he would not be taken alive. Williams was apprehended, and baggies of cocaine were discovered in the pockets of his pants.

### Case No. S06A0159

1. Williams contends that the evidence was insufficient to support his conviction for aggravated assault and murder, arguing that the State presented no admissible substantive evidence corroborating Lane's statement that Williams was his accomplice in the murder.[2] See OCGA § 24-4-8. To the contrary, however, Lane's recorded statement was corroborated by the testimony of an eyewitness who positively identified Williams as one of Tyson's assailants and by evidence that Williams fled and told police that he would not be taken alive when they attempted to arrest him. This evidence supported the verdict against Williams. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Nonetheless, Williams contends that the eyewitness identification was improperly admitted into evidence at trial as a prior inconsistent statement. As an initial matter, Williams did not object to the introduction of this evidence, and, as a result, he has waived the right to challenge its admission on appeal. See, e.g., *Wilson v. State*, 277 Ga. 114 (2) (587 SE2d 9) (2003). Moreover, even if the argument had been preserved by objection, the trial court properly admitted the evidence. The record shows that, during trial, the eyewitness first testified that she had never been certain that Williams was at the scene at the time of the crime. She had merely based her opinion on a television bulletin which showed Williams' picture and advised citizens to be on the lookout for him. Later, the detective who interviewed the eyewitness was allowed to testify that, contrary to the eyewitness' earlier testimony, the eyewitness had previously expressed no doubt that Williams was one of Tyson's assailants. This later testimony was admissible as a prior inconsistent statement by the eyewitness as it was materially inconsistent with her prior statement. *Kinney v. State*, 271 Ga. 877 (2) (525 SE2d 91) (2000) (prior inconsistent statement admissible as substantive evidence if witness testifies at trial and is subject to cross-examination).

Williams also contends that a certain pre-trial statement by his girlfriend that Williams' mother told her that he felt remorse for participating in the murder was improperly admitted into evidence.

---

[2] Williams does not challenge his conviction for possession of cocaine with intent to distribute.

Again, Williams did not object to the introduction of this evidence, and he has waived his right to contest this evidence on appeal. *Wilson*, supra. Even if Williams had preserved his argument, the results of his appeal would not be altered. At trial, Williams' girlfriend testified that she was certain that Williams' mother had never told her about her son's statement of regret; however, Williams' girlfriend had earlier told detectives that the conversation with Williams' mother had, in fact, happened. Williams' mother also took the witness stand and testified both specifically that Williams had never told her that he had any regret about the crime and more generally that she never discussed the crime with him at all. The statement Williams' girlfriend made to police which indicates that Williams' mother did, in fact, speak to Williams both about the crime and his remorse directly contradicts the facts as recounted by both Williams' mother and his girlfriend. As such, the girlfriend's prior statement was admissible to impeach both Williams' mother and his girlfriend. OCGA § 24-9-82. See also *Childress v. State*, 266 Ga. 425 (4) (467 SE2d 865) (1996). Williams further argues, however, that the trial court erred in allowing the jury to consider this hearsay within hearsay testimony as substantive evidence because the State failed to provide the appropriate foundation for it to be considered as a prior inconsistent statement of Williams' mother, who was never asked during trial if she had any prior conversation with Williams' girlfriend. OCGA § 24-9-83. Even if Williams were correct in this argument,[3] the result of his appeal does not change because other probative evidence introduced by the State was sufficient to authorize the jury to find appellant guilty beyond a reasonable doubt.

2. Williams contends that his trial counsel rendered ineffective assistance. He first contends that trial counsel failed to request that Williams' trial be severed from Lane's because the admission into evidence of Lane's recorded statement which implicated Williams violated his Sixth Amendment right to confront Lane pursuant to *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). To establish a claim of ineffective assistance of counsel, Williams must show that his trial counsel's performance was deficient and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). A trial court's finding that a defendant received effective assistance of counsel will not be reversed on appeal unless it is clearly erroneous. *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986).

---

[3] See generally *Jackson v. State*, 258 Ga. 810 (3) (375 SE2d 454) (1989); *Gordon v. State*, 273 Ga. 373 (2) (541 SE2d 376) (2001).

Williams' argument based on *Bruton* fails for several reasons. First, Lane testified before the jury and was subject to cross-examination. Therefore, the admission of Lane's statement was not, in fact, a *Bruton* violation. Second, Lane's "incriminating statement was made shortly after the crimes occurred, was made prior to arrest, and was a non-custodial statement to an acquaintance rather than to police officers. Thus, it is more properly characterized as a declaration of a co-conspirator, rather than a confession." *Neason v. State*, 277 Ga. 789, 791 (2) (596 SE2d 120) (2004). As a result, Lane's recorded statement would be admissible under the exception to the hearsay rule for declarations of a co-conspirator. See, e.g., *Brown v. State*, 266 Ga. 633 (2) (469 SE2d 186) (1996). Third, Williams' trial counsel provided several strategic reasons for choosing not to request a motion to sever, which Williams attacks with hindsight.[4] However, when one is considering matters of trial strategy and tactics, the effectiveness of trial counsel must not be judged by hindsight or the ultimate result of the trial. *Slade v. State*, 270 Ga. 305 (2) (509 SE2d 618) (1986).

Williams also contends that his trial counsel was ineffective for failing to object to the testimony of the eyewitness placing him at the scene of the crime and to the testimony by his girlfriend that his mother discussed Williams' crime with her. As discussed above, the eyewitness testimony was properly admitted, and, as such, Williams' trial counsel was not ineffective for failing to object to it. With regard to the girlfriend's statement, it was properly admitted as impeachment evidence, and, even if it had been otherwise improperly admitted as substantive evidence, Williams has failed to show that he was actually prejudiced by his attorney's failure to object to this evidence at trial.

Finally, Williams contends that his trial counsel was ineffective by failing to object to a police officer's testimony that, pursuant to Lane's statement that he and Williams committed the murder, arrest warrants were taken out on Lane and Williams. Williams contends that, because Lane had not yet taken the stand, this testimony violated *Bruton*. As stated previously, however, Lane ultimately did take the stand and was subject to cross-examination. Therefore, no *Bruton* violation actually occurred in this case which would support Williams' claim of ineffective assistance.

---

[4] For example, Williams' trial counsel stated that she believed that the motion to sever was less likely to be granted because Lane's recorded statement was made to a personal acquaintance, not a police officer. She further stated that, even if a motion to sever was granted, she believed that the State would have Lane available to testify at Williams' trial, and the same evidence would have been produced.

*Case No. S06A0329*

3. Lane argues that the evidence was insufficient to support the verdict against him. The evidence adduced at trial, however, including Lane's detailed admission, was more than ample to authorize the jury to find that Lane was guilty of the crimes with which he was charged beyond a reasonable doubt. *Jackson*, supra.

4. Lane contends that the trial court erred by admitting testimony from Dowdy that Lane attempted to rape her as part of the res gestae of the murder. The State, however, is entitled to present the entirety of the res gestae of the crime involved. "Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. This is true even if the defendant's character is incidentally placed in issue." *Satterfield v. State*, 256 Ga. 593, 598 (6) (351 SE2d 625) (1987). In addition, because Tyson consoled Dowdy after the attempted rape, the rape attempt and its aftermath were relevant to the existence of motive for the murder and were, therefore, admissible. *Payne v. State*, 273 Ga. 317 (3) (540 SE2d 191) (2001).

5. For the first time, Lane contends that his trial counsel rendered ineffective assistance. The record reveals, however, that Lane's trial counsel handled his motion for new trial and that his current appellate counsel was not appointed until after the motion for new trial had been decided. Therefore, it appears that this is the first practicable time for Lane to raise ineffective assistance of trial counsel. As such, we remand his case to the trial court for a hearing and a determination on the issue of ineffective assistance. *Hampton v. State*, 272 Ga. 284 (10) (527 SE2d 872) (2000).

*Judgment affirmed in Case No. S06A0159. All the Justices concur, except Sears, C. J., who concurs in the judgment only. Judgment affirmed and case remanded with direction in Case No. S06A0329. All the Justices concur.*

DECIDED MAY 18, 2006.

*Jackson & Schaivone, Steven L. Sparger*, for appellant (case no. S06A0159).

*Daly, Bowen & Calhoun, Brian L. Daly*, for appellant (case no. S06A0329).

*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Edwina M. Watkins, Assistant Attorney General*, for appellee.