## S08A1894. WATKINS v. THE STATE.

(674 SE2d 275)

BENHAM, Justice.

Appellant Jamie Watkins seeks to appeal his convictions for felony murder, armed robbery, aggravated assault with a deadly weapon, and possession of a firearm during the commission of a felony.[1] For the reasons that follow, we affirm.

1. The convictions stem from events that occurred on November 1, 2004. The victims Dennis Banks and Nathaniel Woodard, both of St. Louis, Missouri, were visiting Atlanta. They met Frazier Todd III, who testified he offered to help the victims buy drugs. On the day of the crime, the victims drove in a rental car to pick Todd up at his house and then proceeded to an apartment complex in Fulton County. Todd left the two in the parking lot and went around the apartment building presumably to broker the drug deal. Shortly thereafter, appellant and his co-defendant Charles Long approached the victims' rental car; Long approached the driver's side where Banks was sitting and appellant approached the passenger side where Woodard was sitting. Appellant and Long brandished guns and proceeded to pistol whip and rob the victims of their property, including a backpack, the victims' cell phones, and the victims' wallets. While pistol whipping Woodard, appellant's .22 caliber gun went off and the bullet fatally wounded Banks in the back of the head. After the shooting, appellant and Long fled. Because he believed Banks to be unconscious, Woodard climbed into the driver's side of the vehicle and, while sitting on Banks,[2] drove the car to a nearby church where the police were called. Although no ballistics evidence was recovered at the scene, the medical examiner recovered a .22 caliber bullet from Banks' head during the autopsy.

About two months later, on February 25, 2005, appellant was the passenger in a car stopped by Marietta police for a traffic violation.

---

[1] On May 20, 2005, appellant was indicted for malice murder, two counts of felony murder, two counts of armed robbery, three counts of aggravated assault with a deadly weapon, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. On August 25, 2006, a jury acquitted appellant of malice murder, and found him guilty of the remaining crimes in the indictment except for possession of a firearm by a convicted felon which charge was placed by the State on the trial court's dead docket. The trial court sentenced appellant to life for felony murder, twenty consecutive years for the armed robbery conviction, twenty consecutive years each for two of the three aggravated assault convictions, and five consecutive years for possession of a firearm during the commission of a felony. The remaining convictions merged into the felony murder conviction and/or were vacated as a matter of law. Appellant moved for a new trial on September 5, 2006. A hearing on the motion was held on April 11, 2008 and the motion was denied on April 22, 2008. Appellant timely filed a notice of appeal on May 6, 2008, and the case was docketed in this Court on July 23, 2008. The case was submitted for determination on the briefs.

[2] Banks was 5'10" and weighed over 300 pounds and so Woodard did not attempt to move him from the driver's seat.

Upon reviewing appellant's identification, the Marietta police learned that there was an outstanding warrant for him for murder, the Atlanta police were called, and appellant was arrested. The police questioned Farhana Sultan, the driver of the car, and learned that appellant had visited her several times at the hotel in which she had been staying for two weeks preceding the traffic stop. The police obtained a warrant to search Sultan's hotel room where they discovered a .22 caliber pistol which was believed to be the murder weapon. At trial, an expert witness testified it was inconclusive whether the gun collected from the hotel room fired the bullet recovered from Banks' body. However, two witnesses identified the gun in open court and testified that they had seen appellant with it on the night of the shooting, as well as on several occasions prior thereto. Appellant admitted to police he was the person on the passenger's side of the victims' car, but told police that another person was the shooter and that appellant had the gun because he agreed to dispose of it for the shooter. Two witnesses confirmed appellant's and Long's presence near the crime scene immediately before and after the shooting took place. In addition, one witness testified he overheard appellant tell Long that he had not intended to shoot the victim. Although police did not recover the victims' stolen cell phones, the person who had Woodard's cell phone, which had a built-in camera, took a picture of his hand and inadvertently loaded it onto Woodard's website. When police confronted appellant with the website picture, appellant agreed that the hand in the picture looked like his.

The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of felony murder, armed robbery, aggravated assault with a deadly weapon, and possession of a firearm during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Prior to trial, appellant moved to suppress the evidence of the gun recovered from the hotel room. The trial court denied the motion, finding appellant did not have standing. Because the evidence showed that appellant was not the registered guest of the room, had only spent three nights there out of the two weeks it was rented, and that appellant otherwise was a transient visitor to the room, the trial court was correct when it concluded appellant did not have a reasonable expectation of privacy warranting standing to protest the room's search. *Smith v. State*, 284 Ga. 17 (3) (663 SE2d 142) (2008) (person has no reasonable expectation of privacy in a hotel room if he is not registered guest, has no key, and has no luggage in the room); *Floyd v. State*, 237 Ga. App. 586, 587 (516 SE2d 96) (1999) (person who had not rented motel room but was just a

transient visitor did not have reasonable expectation of privacy in the premises and therefore lacked standing to object to search of room). Therefore, the trial court was correct when it concluded appellant lacked standing.

Appellant further argues that the warrant authorizing the search was insufficient. We disagree. " '[T]he resolution of doubtful or marginal cases in this area [sufficiency of affidavit supporting warrant] should be largely determined by the preference to be accorded to warrants.' [Cits.]" *Davis v. State*, 266 Ga. 212, 213 (465 SE2d 438) (1996). On review, our only concern is that there was a "substantial basis" for concluding probable cause existed. *Mize v. State*, 173 Ga. App. 327 (326 SE2d 782) (1985). The record shows that when authorities applied for the warrant, they knew that a .22 caliber bullet caused the victim's head wound, that appellant was known to carry a .22 caliber weapon, and that appellant had access to the hotel room searched. These facts were conveyed to the magistrate and, under the circumstances, the magistrate was authorized to find probable cause to issue the warrant. *Davis*, supra, 266 Ga. at 213. As such, there was no reversible error.[3]

3. Appellant contends his counsel rendered ineffective assistance because he failed to request a jury charge on a witness testifying pursuant to a grant of immunity regarding Frazier Todd's testimony and because his counsel made a comment to the jury in his opening statement that appellant would testify. To prevail on a claim of ineffective assistance of trial counsel, appellant

> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citation and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). Appellant has failed to meet this burden.

(a) The record shows that Frazier Todd was not granted testimonial immunity because he was never charged, arrested or prosecuted for any crime regarding the events that transpired in this case. Indeed, no one involved in the case was charged with any

---

[3] Since appellant did not argue to the trial court that police lacked probable cause to stop the vehicle in which he was riding with Farhana Sultan, he has waived that argument and it is not properly before this Court for review. *Gordon v. State*, 235 Ga. App. 169 (2) (508 SE2d 782) (1998) (" '[I]ssues and objections not raised at trial cannot be raised for the first time on appeal because they are deemed waived.' ").

drug-related crime or conspiracy-based crime. Thus, counsel was not deficient for failing to request a jury charge regarding a witness who testifies pursuant to a grant of immunity and/or leniency.

(b) At trial, counsel stated during his opening statement that appellant would testify to explain why he carried a gun. At the close of the State's case, defense counsel advised appellant that he believed the State had failed to carry its burden and appellant, upon being advised by the trial court of his right not to testify, decided not to testify in his own defense. During closing, appellant's counsel explained to the jury that appellant did not testify because of the State's failure to meet its burden. Appellant alleges counsel was deficient insofar as his opening remarks may have caused the jury to make any negative inference when appellant did not actually testify. We have held, however, that

> [d]efense counsel is given wide latitude in making opening statements and closing arguments. This Court will not, with benefit of hindsight, second-guess defense trial strategies therein. Absent a strong showing that counsel's actions were not reasonable, we will presume that these strategies were not deficient.

(Citations and punctuation omitted.) *Muller v. State*, 284 Ga. 70, 73 (3) (663 SE2d 206) (2008). The decision not to present appellant's testimony was a reasonable strategic decision in light of counsel's assessment of the case at the close of the State's case and, consequently, cannot support an ineffective assistance of counsel claim. Id. (counsel was not deficient when he did not present certain evidence and advised client not to testify when he believed the State failed to meet its burden). Accordingly, the trial court did not err in denying appellant's ineffective assistance of counsel claims.

4. Appellant alleges a *Bruton*[4] violation occurred based on the following question and response that transpired between the prosecutor and the lead detective who investigated the crime:

> Q: And what information did [Mr. Long] provide the police in that statement?
>
> . . .
>
> A: Mr. Long stated that he and Mr. Watkins —

Counsel for the defense and prosecution objected before the detective

---

[4] *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).

finished his answer. Outside the presence of the jury, trial counsel immediately moved for a mistrial and a severance of the trial. Appellant alleges the trial court erred when it denied his motions.

"A *Bruton* violation occurs when a [non-testifying] co-defendant's . . . statement inculpating the defendant is considered by the jury as evidence against the defendant, who was not a party to the [statement]." *Sampson v. State*, 279 Ga. 8, 9 (2) (608 SE2d 621) (2005). A *Bruton* violation is only sustainable, however, if the statement is incriminatory of the defendant "on its face." Id.; *Metz v. State*, 284 Ga. 614, 619 (4) (669 SE2d 121) (2008) ("For the admission of a co-defendant's statements to constitute a *Bruton* violation the statements standing alone must clearly inculpate the defendant."); *Johnson v. State*, 275 Ga. 650 (2) (571 SE2d 782) (2002) (*Bruton* is not violated when the co-defendant's statement does not incriminate the defendant on its face). Here, since the detective was not allowed to complete his response to the question before the parties' objections, no inculpatory information concerning appellant was revealed to the jury. The mere mention of appellant's name in association or "affiliation" with the co-defendant was not incriminating on its face. As such, there was no *Bruton* violation and, in the absence of such violation, the trial court did not err when it denied appellant's motions for mistrial and severance on that basis. *Metz*, supra, 284 Ga. at 618-619 (trial court did not err in denying motion for mistrial where there was no *Bruton* violation); *Johnson*, supra, 275 Ga. at 652-653 (co-defendant's statement which did not incriminate the defendant did not support motion to sever).

5. Appellant contends the trial court improperly limited his cross-examination of a witness. "While a defendant is entitled to effective cross-examination, he is not entitled to unfettered cross-examination, and the trial court has broad discretion in limiting its scope." *Allen v. State*, 275 Ga. 64, 68 (3) (561 SE2d 397) (2002). Our review of the record shows that during counsel's cross-examination, one of the police officers testified that he collected the murder weapon pursuant to a warrant, but that he had no involvement in whether the gun was submitted for any testing because he was not the lead detective in the case. When counsel proceeded into a line of questioning as to the officer's qualifications and the various proce-dures for testing guns, the State objected on relevance grounds, and, outside the presence of the jury, the trial court advised counsel that he could ask as many questions as he wanted regarding what the police officer did in the case and whether his actions were in compliance with police protocol, but if counsel wanted to pursue questions purportedly to qualify the officer as an expert, counsel would have to call the officer during defendant's portion of the trial. The jury was called back in and counsel continued his cross-

examination. The trial court's admonition to counsel was not an abuse of its discretion and, under the circumstances, appellant was not denied an effective cross-examination of the witness. Id. Accordingly, there was no reversible error.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 9, 2009.

*Brandon Lewis*, for appellant.

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.