## S09A0760. NASH v. THE STATE.

(683 SE2d 591)

BENHAM, Justice.

Appellant Chadrick D. Nash appeals his convictions for malice murder and possession of a firearm during the commission of a crime.[1] The trial evidence showed that after a verbal argument during which the victim called appellant a derogatory name, appellant fatally shot the unarmed victim in the busy parking lot of a local eatery in front of several eyewitnesses. After shooting the victim the first time and as the victim was lying wounded on the ground, appellant tried to shoot the victim in the head, but the gun jammed. Appellant then kicked the victim and soon fled the scene. While fleeing, appellant ran by a nearby trailer home outside of which the murder weapon, a High Point nine millimeter handgun, was found. Near the victim's body, police also discovered a nine-millimeter shell casing which a firearm expert confirmed to be from the murder weapon.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. On appeal, appellant asserts that his trial counsel's performance was deficient and that appellant was prejudiced when counsel failed to object to the admission of evidence of another crime; failed to object to the prosecutor's calling the appellant a "terrorist" during closing argument; and failed to object to the prosecutor purportedly commenting on the credibility of witnesses during closing argument. Appellant contends that, but for these errors, he would have been convicted of voluntary manslaughter rather than malice murder.[2] To prevail on a claim of ineffective assistance of

---

[1] On November 19, 2004, a grand jury indicted appellant for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a crime. A jury trial was held on December 5-6, 2005. The jury found appellant guilty on all indicted charges and the trial court sentenced appellant to life in prison for malice murder and to five consecutive years for possession of a firearm during the commission of a crime. All other counts merged and/or were vacated as a matter of law. Appellant timely moved for a new trial on January 4, 2006, and amended the motion on October 29, 2007. On May 23, 2008, the trial court denied the motion for new trial and appellant timely filed a notice of appeal on June 9, 2008. The case was docketed in this Court on January 28, 2009. The case was orally argued on April 20, 2009.

[2] At trial, appellant presented a defense that the victim was the aggressor, that appellant fired a warning shot, and that appellant then shot the victim in self-defense. At appellant's request, the trial court gave a jury instruction on the lesser included charge of voluntary manslaughter.

counsel, appellant

> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citation and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). See also *Watkins v. State*, 285 Ga. 107 (3) (674 SE2d 275) (2009). Appellant has failed to meet this burden.

(a) At trial, witnesses testified that immediately after appellant shot the victim, he pointed his gun at a bystander, threatened to shoot, and stole the bystander's necklace. Appellant was not indicted for, tried, or convicted of any crime committed against the bystander. Appellant contends that his trial counsel's performance was deficient when he failed to object to admission of this evidence. We find no deficient performance. When another crime is committed shortly after the charged crime, the other criminal conduct is part of the res gestae of the charged crime and may be admitted at trial. *Williams v. State*, 280 Ga. 539 (4) (630 SE2d 410) (2006); *Johnson v. State*, 264 Ga. 456 (1) (448 SE2d 177) (1994). "The [S]tate is entitled to present evidence of the entire res gestae of the crime. Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. [Cit.]" *Satterfield v. State*, 256 Ga. 593, 598 (6) (351 SE2d 625) (1987) (evidence of sexual acts committed against the victim's girlfriend shortly after the victim's murder was admissible as res gestae). Since appellant's conduct toward the bystander occurred immediately after shooting the victim and was indicative of appellant's state of mind, it was part of the res gestae of the crime and admissible as evidence. See *Williams v. State*, supra, 280 Ga. at 544. Appellant's trial counsel did not perform deficiently by failing to object to the entry of admissible evidence and, therefore, appellant's ineffective assistance of counsel claim cannot be sustained. *Williamson v. State*, 285 Ga. App. 779, 784 (5) (648 SE2d 118) (2007) ("Failure to make a meritless objection cannot be evidence of ineffective assistance.").

(b) During his closing argument, the prosecutor made the following remark: "Ladies and gentlemen, when you read about terrorists. This man was a terrorist. I'm asking you to do something about it." Appellant asserts that his trial counsel's failure to object to the prosecutor's reference to appellant being a terrorist constituted ineffective assistance of counsel. "Analogizing a defendant or a

defendant's case to another well-known defendant or case is permissible during argument if the analogy is supported by facts in evidence." *Carr v. State*, 267 Ga. 547, 555 (7) (a) (480 SE2d 583) (1997). Here, the facts show that appellant brandished a gun at the victim, shot the victim, and pointed the gun at a bystander, threatening to shoot. Insofar as appellant threatened to commit a crime of violence against another, he made a terroristic threat (OCGA § 16-11-37), and it was not far afield for the prosecutor to argue that appellant was a terrorist. Because the prosecutor's comments were not impermissible, appellant's trial counsel's performance was not deficient for failing to object. *Williamson v. State*, supra, 285 Ga. App. at 784.

(c) Finally, appellant contends the prosecutor improperly invaded the province of the jury by commenting on the credibility of four prosecutorial witnesses during closing argument. The comments at issue are as follows:

- "if [a bullet] had been shot into the ground, I can assure you that [police witness X] would have found it"
- "And I think it surely appears that [lay witness X] testified truthfully"
- "These witnesses [Mr. and Mrs. X] ... are credible people as to what happened"

At the motion for new trial hearing, the prosecutor conceded that he improperly commented on the credibility of at least two witnesses.[3] Appellant's trial counsel testified that he did not know why he had failed to object as to the comments regarding all the witnesses.

Assuming without deciding that trial counsel's performance was deficient when he failed to object, we must consider whether, but for this deficiency, the outcome of the trial would have been different. *Pruitt v. State*, supra, 282 Ga. at 34. The trial transcript reflects that several eyewitnesses other than the four witnesses on whose credibility the prosecutor commented testified that they observed appellant shoot the unarmed victim, observed appellant attempt to shoot the wounded and fallen victim in the head, and observed appellant kick the victim. Thus, we cannot conclude that there was a reasonable probability that the outcome of the trial would have been different but for the prosecutor's comments. Accordingly, the trial court did not err when it denied appellant's motion for new trial based on his claim of ineffective assistance of counsel.

*Judgment affirmed. All the Justices concur.*

---

[3] The comments regarding "police witness X" and "lay witness X" are the comments the prosecutor conceded were improper.

DECIDED SEPTEMBER 28, 2009.

*Brian Steel*, for appellant.

*Joseph K. Mulholland, District Attorney, Thurbert E. Baker, Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.