S10A1325. JACKSON v. THE STATE.
(702 SE2d 201)

BENHAM, Justice.

Appellant Elton Erwin Jackson appeals his convictions stemming from the death of Anwar Harris on March 22, 2005.[1] For the reasons set forth below, his convictions are affirmed.

1. Appellant alleges the evidence was insufficient to sustain his convictions. Construed most strongly in favor of the verdict, the evidence adduced at trial established the following. On March 22, 2005, Anwar Harris, his girlfriend, and infant child were leaving the

---

[1] On September 7, 2005, a grand jury indicted appellant for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a felony. Appellant was tried before a jury on August 27-30, 2007, and the jury found him guilty on all charges. The trial court sentenced appellant to serve life for malice murder and to serve five consecutive years for possession of a firearm. The aggravated assault charge merged and the felony murder charge was vacated as a matter of law. Appellant timely moved for a new trial on September 10, 2007, and amended his motion on December 3, 2009. A motion for new trial hearing was held on January 9, 2010. The trial court denied the motion on February 12, 2010. Appellant timely filed his notice of appeal on February 17, 2010, and the appeal was docketed to this Court's September 2010 term for a decision based on the briefs.

leasing offices of an apartment complex in Gwinnett County when appellant, who was known by the nickname "June," approached and shot Harris five times. Appellant ran up a hill and was seen climbing into the passenger seat of a waiting dark-colored pick-up truck which drove away. The victim's girlfriend, a mailman, and the apartment leasing agent all identified appellant as the shooter. The medical examiner testified that the victim died from gunshot wounds to the head, neck, and chest. At trial, there was evidence that sometime prior to his death, the victim burglarized appellant's home and stole approximately $50,000. There was also evidence that, weeks prior to the shooting, the victim and appellant had a quarrel over money.

The relevant inquiry on appeal challenging the sufficiency of the evidence is whether the evidence, viewed in a light most favorable to the verdict, would authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he is charged. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). Given the fact that three eyewitnesses identified appellant as the shooter, the evidence was sufficient such that a jury was authorized to find appellant guilty beyond a reasonable doubt of all the crimes for which he was charged.

2. Appellant alleges his trial counsel rendered ineffective assistance when (a) he failed to object to testimony by the victim's girlfriend and the victim's father concerning statements made by the victim; (b) he failed to object to the admission of prior difficulty evidence; (c) he failed to object to form affidavits accompanying the photographic line-ups being sent with the jury; (d) he failed to object to witness testimony concerning appellant's telephone number; (e) he failed to object to the admission of a captioned photograph; (f) he failed to object to the trial court's charge on prior consistent statements; and alleges that the cumulative effect of said errors prejudiced him. To prevail on a claim of ineffective assistance of counsel, appellant

> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citation and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). See also *Watkins v. State*, 285 Ga. 107 (3) (674 SE2d 275) (2009). For the reasons set forth below appellant has failed to meet this burden and so we must affirm.

(a) At trial, the victim's girlfriend and father both testified that

the victim confided to them that he had broken into appellant's apartment and stolen a large amount of cash. Appellant alleges his trial counsel should have objected to this testimony because it violated the confrontation clause and was inadmissible hearsay. We disagree because the statements were properly admitted. First, appellant's right to confront witnesses was not compromised because the statements in question were not testimonial. See *Jenkins v. State*, 278 Ga. 598 (2) (604 SE2d 789) (2004) (a statement is testimonial if it is made with the involvement of governmental officials). Secondly, the statements meet the necessity exception of the hearsay rule — the victim is unavailable and the statements have particularized guarantees of trustworthiness, including the fact that they were made to close family members and the fact that they were statements against the victim's interest inasmuch as the victim was admitting to a crime. *Green v. Georgia*, 442 U. S. 95, 97 (99 SC 2150, 60 LE2d 738) (1979) (statements against interest may be admissible if relevant); *Belmar v. State*, 279 Ga. 795 (2) (621 SE2d 441) (2005) ("'Two requirements must be met in order for a trial court to admit hearsay under the 'necessity' exception: 'necessity' and 'particularized guarantees of trustworthiness.' '"). Since the statements were admissible, appellant's trial counsel was not deficient when he did not object to their admission. *Nash v. State*, 285 Ga. 753 (2) (a) (683 SE2d 591) (2009).

(b) The State called a witness who testified that, a few weeks before the murder, he witnessed appellant and the victim in a local sports bar having an argument over money. Appellant alleges the evidence was objectionable because it was irrelevant and unfairly prejudicial. We disagree. The evidence was relevant to show the relationship between the appellant and the victim and was properly admitted to show motive, intent, and bent of mind. *Matthews v. State*, 284 Ga. 819 (2) (672 SE2d 633) (2009). Trial counsel is not ineffective for failing to object to admissible testimony concerning a prior difficulty because such objection would be without merit. *Sims v. State*, 281 Ga. 541 (2) (640 SE2d 260) (2007).

(c) The victim's girlfriend and the apartment leasing agent participated in photographic line-ups presented to them by police. At trial, the photographic line-ups, as well as the accompanying form affidavits signed by the witnesses, were sent in with the jury for their deliberation. Appellant alleges the affidavits constitute impermissible continuing witness testimony and, therefore, are objectionable. This argument lacks merit. The documents supporting a photographic line-up are not equivalent to testimony, but are documentary evidence of the photographic line-up itself, and therefore do not violate the continuing witness rule. *Dockery v. State*, 287 Ga. 275 (4) (695 SE2d 599) (2010). Thus, trial counsel was not deficient when he

failed to object to the entry of this evidence.

(d) A witness testified at trial that he obtained appellant's phone number from another person and gave the phone number to police. Appellant alleges this testimony is impermissible hearsay and violates the confrontation clause because the witness's source was not identified or available for trial. The same testimony was corroborated by other admissible evidence. Specifically, testimony revealed that, while making a report of the robbery incident, appellant himself reported his phone number to authorities. Trial counsel was not deficient for failing to object to admissible evidence. *Nash v. State*, supra, 285 Ga. 753 (2) (a).

(e) During the investigation of the victim's murder, a witness provided the police with a photograph of appellant. Written on the photograph was the word "JUNE" which was purportedly appellant's nickname. The picture was admitted at trial without objection and was published to the jury un-redacted. In its order on the motion for a new trial, the trial court stated it would have redacted the word "JUNE" had an objection been made and that any error was harmless. Since appellant's identity was established through other evidence, namely testimony from witnesses that appellant was known as "June," this piece of evidence was duplicative of admissible testimony. Given the cumulative nature of the evidence, the failure to object to the photograph's admission in an un-redacted form does not amount to ineffective assistance of counsel. *White v. State*, 283 Ga. 566 (4) (662 SE2d 131) (2008).

(f) The trial court gave an instruction on prior consistent statements and, in its order on the motion for new trial, decided the charge was proper and adjusted to the evidence. Appellant alleges the charge was erroneous because the Court of Appeals has stated that the better practice is not to give such a charge, but to allow counsel to raise it in argument. *Boyt v. State*, 286 Ga. App. 460 (3) (649 SE2d 589) (2007). Pretermitting whether trial counsel was deficient for failing to object to the charge, the failure was not prejudicial in light of the overwhelming evidence of appellant's guilt, including the testimony of three eyewitnesses who identified appellant as the shooter. Therefore, appellant cannot prevail on his ineffective assistance of counsel claim.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 8, 2010.

*G. Richard Stepp*, for appellant.

*Daniel J. Porter, District Attorney, Kimberly A. Gallant, Assistant District Attorney, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior*

*Assistant Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.