## S10A1558. GILYARD v. THE STATE.
(708 SE2d 329)

BENHAM, Justice.

Appellant Torris Gilyard appeals his conviction for crimes re-lated to the death of Terry Crawford.[1] On March 29, 2004, appellant

---

[1] In June 2004, a grand jury jointly indicted appellant and Kenneth Ponder for malice murder, felony murder, criminal attempt to commit armed robbery, two counts of armed robbery, two counts of aggravated assault, and possession of a firearm during the commission of a crime. Appellant was tried before a jury from March 7 to March 9, 2005. The jury found appellant guilty on all charges and, on March 16, 2005, the trial court sentenced appellant to life imprisonment plus twenty-five years for malice murder, one count of armed robbery, and possession of a firearm. Appellant was sentenced to probation for criminal attempt to commit armed robbery and another count of armed robbery. The remaining charges of aggravated assault merged as a matter of fact, and the charge of felony murder was vacated as a matter of law. Appellant moved for a new trial on March 28, 2005 and amended the motion on November 17, 2009. In the meantime, his current counsel was appointed on February 23, 2009. The trial court heard the motion for new trial on February 17, 2010, and denied the motion on April 13, 2010. Appellant timely moved for an appeal on April 19, 2010, and the case was docketed in this Court for the September 2010 term and submitted for a decision on the briefs.

Toris Gilyard participated in the armed robbery of three men, including Crawford, who were sitting in a car on a neighborhood street in Terrell County. During the encounter, co-indictee Kenneth Ponder fatally shot Crawford in the head with a shotgun. One of the two other men in the car testified that, after Ponder shot the victim, appellant, with his hand in his pocket simulating that he had a gun, took money and drugs from the witness.[2] Ponder also took money from the third man. Appellant and Ponder then fled the scene. The authorities located the murder weapon in the back yard of a house that was located about two hundred yards away from the murder scene.

The authorities interviewed appellant about the victim's death three times. At the time of the first interview, appellant was in custody on an unrelated matter. He was given his *Miranda*[3] rights, waived them, and spoke to the authorities without the presence of counsel. He told the authorities that he witnessed Ponder, along with an unidentified man, approach the victims' car and saw Ponder shoot the deceased victim. The second time appellant was interviewed by authorities, he was not in custody and came to the interview on his own accord. Again he was given *Miranda* rights, waived them, and spoke to the authorities without the presence of counsel. He repeated the same story he had provided during the first interview. The evidence showed that during his third voluntary interview with police, appellant admitted his presence at the crime scene and admitted that he was the person who stood on the passenger side of the victims' vehicle during the robbery; however, he denied threatening the victims or stealing anything from the victims. Although made aware of his rights prior to each interrogation, appellant never invoked his right to remain silent or his right to have an attorney present. At trial, appellant took the stand and testified on direct examination that he did not immediately go to authorities or initially tell the truth about what happened because he was afraid of Ponder, who had not been apprehended by police, and because he was afraid of being charged with the crimes.

1. The evidence as described above was sufficient for a rational trier of fact to find beyond a reasonable doubt that appellant was guilty as a party to the crimes for which he was charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lucky v. State*, 286 Ga. 478 (1) (689 SE2d 825) (2010).

---

[2] Earlier in the night, prior to the armed robbery, the witness also testified that appellant "snatched" a bag of ecstacy pills the witness had in his possession and that appellant attempted to run away with the pills. The witness, however, chased appellant, scuffled with him, and recovered the pills.

[3] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

2. On appeal, appellant alleges his trial counsel was ineffective when he failed to raise an objection during trial to the following colloquy during the prosecutor's cross-examination of appellant:

Q: There's no reason why you couldn't that very night, if this was you just being suddenly forced to go down there and participate in a robbery with a total stranger with a shotgun, you could have run right on to the police department. In fact, you could have told your mama, a police officer.

A: I was scared.

Q: You were scared? Well, that's what I want to know. What you [were] scared of?

A: I was scared that I was going to be charged with these charges for being there.

Q: But you wouldn't, you think, if you came straight to the police and told them that, that you might look a little better than you do today?

Appellant contends this colloquy was an impermissible commentary by the State regarding his pre-arrest silence and, for that reason, objectionable. We disagree and, for reasons set forth below, we affirm.

To prevail on a claim of ineffective assistance of counsel, appellant

must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citation and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). Here, appellant cannot show any deficiency on the part of his attorney's performance. Specifically, since appellant spoke with police without ever invoking his right to remain silent, the prosecutor's line of questioning did not constitute impermissible commentary on appellant's right to remain silent. *Stringer v. State*, 285 Ga. 842 (4) (684 SE2d 590) (2009); *Dixon v. State*, 303 Ga. App. 517 (6) (b) (693 SE2d 900) (2010). In fact, appellant himself opened the door to the prosecutor's line of questioning when he

testified on direct examination that he lied to police[4] because he was scared of Ponder and because he did not want to be charged with the crimes that occurred. Appellant having voluntarily made statements to police, the prosecutor was free to explore any inconsistencies or omissions concerning those statements on cross-examination. Id. See also *McMichen v. State*, 265 Ga. 598 (11) (a) (458 SE2d 833) (1995) (prosecutor's questioning was not improper commentary on defendant's silence where the questions highlighted inconsistencies, namely that defendant made affirmative statements to police at the scene that he lost his memory and prosecutor asked why defendant did not tell police that he shot the victims in self-defense). Thus, because the prosecutor's questions were proper, counsel cannot be held ineffective for failing to make an objection that lacked merit. *Jackson v. State*, 288 Ga. 213 (2) (b) (702 SE2d 201) (2010). Accordingly, the trial court did not err in concluding appellant did not carry his burden of proving ineffective assistance of counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 18, 2011.

*James D. Lamb*, for appellant.

*Thomas C. Earnest, District Attorney, Ronald S. Smith, Assistant District Attorney, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.

---

[4] This case may be distinguished from *Mallory v. State*, 261 Ga. 625 (409 SE2d 839) (1991) where the defendant did not come forward prior to arrest, although he knew he was being investigated. The prosecutor's commentary on his silence in that instance was improper. Here, in contrast, appellant cooperated during the investigation and made his inconsistent statements to police during that time.