S11A0311. KITCHENS v. THE STATE.

(710 SE2d 551)

BENHAM, Justice.

On June 28, 2003, appellant Antonio Maurice Kitchens approached Nicky Samuels outside an Athens-Clarke County apartment complex, pointed a .9mm gun at Samuels, who was unarmed,

---

and fatally shot Samuels as he tried to escape.[1] Several witnesses saw the shooting and identified appellant as the shooter. One witness testified that she spoke to appellant by cell phone after the shooting and, during the conversation, appellant admitted to killing the victim. Police recovered four shell casings at the scene. The medical examiner testified that the victim was shot four times, once in the shoulder and three times in the back. The bullets pierced the victim's lung, kidney, liver and intestines, and he died from the gunshot wounds. The State presented similar transaction evidence revealing appellant had previously shot a person four times, except in that instance the victim survived.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant alleges his counsel was ineffective when he failed to object to hearsay testimony; failed to object to testimony that appellant was part of a gang; failed to contemporaneously object to testimony of a witness who said she visited appellant in jail; failed to object to in-court identification testimony and have it stricken from the record; and when counsel refused the trial court's offer to give a curative instruction regarding certain testimony. To prevail on a claim of ineffective assistance of counsel, appellant

> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citations and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). For reasons set forth below, we affirm the trial court's rejection of appellant's ineffective assistance of counsel claims.

(a) At trial, two witnesses testified that just after the shooting, a

---

[1] On August 27, 2003, appellant was indicted for malice murder, felony murder, aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime. Appellant was tried before a jury from August 30, 2004 to September 7, 2004. At the end of the trial, the jury convicted appellant of all charges and the trial court sentenced appellant to life in prison for murder and a consecutive ten years for the two firearms charges. Appellant filed a motion for new trial on September 17, 2004, and an amended motion for new trial on January 22, 2008. After holding a hearing on August 12, 2008, the trial court denied the motion for new trial on January 11, 2010. Appellant timely filed a notice of appeal on January 21, 2010, and the case was docketed to the January 2011 term of this Court for a decision to be made on the briefs.

man named Chico Ellis ran by them and stated "that boy shot that boy" or "that dude shot that boy." Trial counsel objected on hearsay grounds when the first witness testified, but did not object when the second witness corroborated Ellis's utterance. Appellant alleges his counsel was ineffective for failing to vigorously object because the testimony was hearsay and violated his Sixth Amendment right to confrontation. Appellant's right to confrontation was not compromised because Ellis's statements to the witnesses were not testimonial. The testimony was hearsay, but nevertheless admissible as part of the res gestae of the crime. *Character v. State*, 285 Ga. 112, 117 (674 SE2d 280) (2009). Therefore, trial counsel was not deficient for failing to object to admissible evidence. *Jackson v. State*, 288 Ga. 213 (2) (d) (702 SE2d 201) (2010).

(b) During the trial, a witness testified that appellant spent time with the "Trap Boyz," an alleged gang. Appellant contends the testimony unlawfully placed his character into evidence. Pretermitting whether the testimony placed appellant's character into evidence or whether counsel was deficient for failing to object thereto, there was no prejudice in light of the overwhelming evidence of appellant's guilt. See *Dockery v. State*, 287 Ga. 275 (5) (a), (b) (695 SE2d 599) (2010). In particular, several other eyewitnesses testified that appellant shot the victim. Appellant has failed to show that but for counsel's failure to object, the outcome of the trial would have been any different. Accordingly, appellant's ineffective assistance of counsel claim cannot be sustained on this basis.

(c) At trial, appellant's girlfriend testified that she visited him in jail, and appellant alleges this improperly placed his character into evidence. Appellant argues that his counsel was deficient because his objection was not made contemporaneously to the testimony. Despite counsel failing to object contemporaneously, the trial court acknowledged the objection by admonishing the prosecutor not to ask anymore questions regarding appellant's incarceration. Thus, even if counsel was deficient for his delayed objection, appellant was not prejudiced therefore.[2]

(d) The victim's girlfriend and his 11-year-old daughter testified at trial. Both stated that, after hearing shots fired, they saw, from the window of their apartment, a man running away from the scene with a gun in his hand. The testimony was equivocal, and neither witness could definitively say that appellant was the person they saw running away from the scene. Counsel objected to the testimony of

---

[2] The jury already knew from other admissible testimony that appellant had been arrested for the crimes charged. See *Brown v. State*, 268 Ga. 354 (2) (490 SE2d 75) (1997) (cumulative evidence was not prejudicial).

the girl, but was overruled. Since counsel objected, appellant's argument that counsel was deficient for failing to object is without merit.

(e) Appellant alleges counsel was ineffective for refusing a curative instruction concerning certain testimony described in Division 4, infra. At the motion for new trial hearing, appellant's counsel stated he refused the curative instruction because he did not want the matter to be recalled to the jury's attention. This strategic decision was within the wide latitude of presumptively reasonable professional conduct engaged in by trial attorneys and, accordingly, trial counsel was not deficient. *Jones v. State*, 280 Ga. 205 (2) (b) (625 SE2d 1) (2005); *Hinely v. State*, 275 Ga. 777 (2) (d) (573 SE2d 66) (2002).

3. Appellant contends he is entitled to a new trial because of the trial court's finding that there was prosecutorial misconduct. We disagree. While the trial court determined there was prosecutorial misconduct because the county district attorney's office had access to the jail's telephone monitoring system without ensuring the blockage of inmate communications with their attorneys, it also determined that the "extent of misconduct was not sufficient to warrant" granting a new trial to appellant specifically. The facts elicited at the motion for new trial hearing showed that sometime in 2004, the DA's office for the Western Judicial Circuit obtained direct access to the county jail's inmate telephone monitoring system such that attorneys in the DA's office had the ability to listen to inmate telephone calls, either live or recorded, including calls between inmates and their lawyers. Appellant's trial counsel testified at the motion for new trial hearing that he became aware of the DA's access to the jail's telephone recording system before his client's trial. He made an open records request and obtained the recordings of appellant's phone calls. Appellant's trial counsel listened to the recordings and then contacted the particular prosecutor handling appellant's trial. The prosecutor assured appellant's trial counsel that no one working on appellant's case had listened to any of appellant's telephone calls. The prosecutor appeared at the motion for new trial hearing and testified that he did not download the program used to access the jail's telephone monitoring system onto his computer and that he did not listen to any telephone conversations of appellant at any time. Appellant's counsel testified that he believed the prosecutor and decided not to pursue the matter further. The trial court credited the testimony of the prosecutor and determined that neither appellant's trial nor the jury's verdict had been tainted by the DA's office access to the telephone monitoring system. The trial court thereby concluded the strategic decision by trial counsel not to pursue the matter further did not render trial counsel ineffective. Based on

these facts and the absence of any evidence of specific harm or prejudice to the defendant, the trial court did not err when it denied appellant's motion for new trial on the basis of prosecutorial misconduct.

Likewise, appellant's claim that the prosecution violated OCGA § 17-16-4 (a) (1) by failing to turn over the recordings of his conversations is unavailing. Inasmuch as the prosecutor in appellant's case did not access the telephone monitoring system which was under the dominion of the county jail, there was nothing in the prosecutor's possession, custody, or control to turn over to appellant.

4. At trial, the State proffered similar transaction evidence of an incident that occurred when appellant was a juvenile. In that incident, appellant shot a man four times injuring him, but not killing him. At the trial, the prior shooting victim testified as follows:

> Prosecutor: Is there any doubt in your mind that Mr. Kitchens was the man that shot you in April of 1998?
> Witness: No, he turned hisself [sic] in and pled guilty to the charges so there wasn't no doubt about it, but I seen him when he ran up on me, too.

Appellant's counsel objected to this testimony and requested a mistrial. Appellant alleges there was error when the trial court allowed the jury to hear this testimony about a juvenile court disposition over counsel's objection and motion. OCGA § 15-11-79.1 provides in pertinent part, "[t]he disposition of a child . . . may not be used against such child in any proceeding in any court other than for a proceeding for delinquency or unruliness. . . ."

When counsel posited his objection, the trial court allowed the witness to be questioned outside the presence of the jury and, during that questioning, the witness stated he had no first-hand knowledge of what actually took place during appellant's juvenile court proceeding. Since the State had not intentionally elicited the witness's testimony, which the trial court deemed non-responsive, the trial court denied counsel's motion for mistrial. The trial court did, however, offer to give a curative instruction to the jury, but trial counsel refused the curative instruction citing "strategy" as his reasons. Still, the trial court admonished the witness not to make any references to the juvenile court proceeding.

A trial court has broad discretion in deciding whether to grant or deny a motion for mistrial. *Conklin v. State*, 254 Ga. 558 (9) (331 SE2d 532) (1985). Where, as here, counsel strategically refuses the trial court's proffer of a curative instruction, the trial court's failure to grant a mistrial generally is not an abuse of discretion. Id. at 568. Therefore, the trial court did not err when it denied appellant's

motion for new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 31, 2011.

*Wiggins, Norris & Coffey, Blaine A. Norris,* for appellant.

*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason C. Fisher, Assistant Attorney General,* for appellee.