301 Ga. 128
FINAL COPY

S17A0561. CARR v. THE STATE.

BLACKWELL, Justice.

In 1999, Joe Anthony Carr was tried by a Fulton County jury, and he was convicted of the murder of Ernest Golden. Carr's conviction was affirmed on appeal by this Court, see Carr v. State, 275 Ga. 185 (563 SE2d 850) (2002), but the trial court granted Carr's extraordinary motion for new trial after his brother confessed to the murder. Soon thereafter, Carr's brother recanted his confession, Carr was retried, and Carr again was found guilty of Golden's murder. Carr appeals, contending that he was denied the effective assistance of counsel. Carr also claims that the trial court improperly "derailed" his attempt to enter into a favorable plea agreement prior to trial. Upon our review of the record and briefs, we see no error, and we affirm.[1]

---

[1] Golden was killed on October 22, 1997. On October 1, 1999, a Fulton County grand jury indicted Carr for malice murder, two counts of felony murder, aggravated assault, and the unlawful possession of a firearm by a convicted felon. Carr was found guilty on all counts, and he was sentenced as described in Carr, 275 Ga. at 185, n. 1. After the trial court granted Carr's extraordinary motion for new trial, his second trial began on October 19, 2011, and the jury returned its verdict on October 21, finding Carr not guilty of malice

1. Viewed in the light most favorable to the verdict, the evidence shows that on October 22, 1997, Carr was walking outside the Lakewood Motor Lodge in Southeast Atlanta. Despite his prior felony conviction for theft by receiving, Carr was carrying what appeared to be an assault rifle. Ernest Golden confronted Carr and said that he was not scared of any gun. Carr fatally shot Golden and fled the scene, but he was identified by several witnesses.

Carr does not dispute that the evidence is sufficient to sustain his conviction. Nevertheless, we have independently reviewed the record with an eye toward the legal sufficiency of the evidence. We conclude that the evidence adduced at trial was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Carr was guilty of felony murder. See Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

---

murder but guilty on each of the remaining counts. The trial court sentenced Carr to imprisonment for life for felony murder (predicated on the unlawful possession of a firearm by a convicted felon). The remaining counts were merged or vacated by operation of law. See Malcolm v. State, 263 Ga. 369, 371-374 (4), (5) (434 SE2d 479) (1993). Carr timely filed a motion for new trial on October 24, 2011, and he amended it on November 3, 2011, November 14, 2011, and August 3, 2015. The trial court denied his motion on December 14, 2015, and Carr timely filed a notice of appeal on January 8, 2016. His appeal was docketed in this Court for the term beginning in December 2016 and submitted for decision on the briefs.

2. Carr claims that he was denied the effective assistance of counsel. To prevail on a claim of ineffective assistance, Carr must prove both that the performance of his lawyer was deficient and that he was prejudiced by this deficient performance. Strickland v. Washington, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). To prove that the performance of his lawyer was deficient, Carr must show that the lawyer performed his duties at trial in an objectively unreasonable way, considering all the circumstances, and in the light of prevailing professional norms. Id. at 687-688 (III) (A). See also Kimmelman v. Morrison, 477 U. S. 365, 381 (II) (C) (106 SCt 2574, 91 LE2d 305) (1986). And to prove that he was prejudiced by the performance of his lawyer, Carr must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U. S. at 694 (III) (B). See also Williams v. Taylor, 529 U. S. 362, 391 (III) (120 SCt 1495, 146 LE2d 389) (2000). This burden is a heavy one, see Kimmelman, 477 U. S. at 382 (II) (C), and we conclude that Carr has failed to carry it.

(a) Carr claims that his trial lawyer should have called Carr's brother as a witness to bolster Carr's defense of mistaken identity, especially because the brother previously had confessed to Golden's murder. At the hearing on Carr's motion for new trial, Carr's lawyer described the brother as a "double-edged sword": while the brother could testify about his prior confession, the brother also had given a recorded statement to police in which he recanted the confession and explained that he confessed only because Carr had threatened him and his family. The lawyer asked for Carr's brother to be brought to the courtroom in case he decided at the last minute to call him as a witness, but the lawyer ultimately "decided not to call [the brother] because [he] decided it would be . . . more harmful than helpful." Instead, Carr's lawyer focused on inconsistencies in the testimony of the eyewitnesses, and he presented several alibi witnesses, as well as a witness who described Carr and his two brothers as "twins" and testified that the physical resemblance sometimes caused Carr and his brothers to be confused for one another. Given the risks involved with calling the brother as a witness and that testimony about the prior confession was not crucial to Carr's mistaken-identity defense, the decision not to call

4

Carr's brother as a witness "was a matter of trial strategy and tactics within the bounds of reasonable professional conduct." Carr, 275 Ga. at 187 (5).

(b) Carr also asserts that his trial lawyer should have "locked down" the State's original plea offer, which proposed that Carr be sentenced to imprisonment for 25 years. But Carr's lawyer testified at the hearing on Carr's motion for new trial that Carr would not accept the State's original offer and insisted that the lawyer attempt to get the proposed sentence "whittled down." The decision to reject the State's original plea offer was for Carr to make after full consultation with his lawyer, and it was not deficient performance for his lawyer to allow Carr to make that decision. See Upton v. Parks, 284 Ga. 254, 257 (2) (664 SE2d 196) (2008).

3. Carr claims that the trial court "derailed" a later plea agreement that he was trying to negotiate with the State when the court refused to indicate whether it would be willing to accept a proposed plea agreement in which Carr would serve a 25-year sentence for voluntary manslaughter.[2] Carr contends that this refusal resulted in the State's unwillingness to finalize the plea agreement. Carr

[2] Apparently around the time of trial, Carr was still attempting to negotiate an agreement along the lines of the State's original offer, and in connection with these efforts, the trial court was asked whether it would be inclined to accept such a negotiated plea.

had no right, however, to enter a guilty plea. See <u>Sanders v. State</u>, 280 Ga. 780, 784 (2) (631 SE2d 344) (2006). Nor was the trial court required to provide the parties with an indication of the likelihood that — after a plea hearing — it would look favorably upon a certain proposed sentence. When the State and an accused have reached a tentative plea agreement,[3] the trial judge may permit the parties "to disclose the tentative agreement and the reasons therefor in advance of the time for the tendering of the plea." Uniform Superior Court Rule 33.5 (B). And after such a disclosure, the trial judge is permitted to "indicate to the prosecuting attorney and defense counsel whether the judge will likely concur in the proposed disposition if the information developed in the plea hearing or presented in the presentence report is consistent with the representations made by the parties." USCR 33.5 (B). But nothing *requires* the trial court to provide the parties with any advance assurance about its willingness to impose a proposed sentence prior to a guilty plea hearing. As a result, this enumeration of error has no merit.

---

[3] The State originally proposed a plea agreement that included a 25-year sentence, but Carr rejected it and proposed a lesser sentence. See Division 2 (b) supra. The State rejected Carr's counteroffer, and Carr then said he would accept the State's original offer.

Judgment affirmed. All the Justices concur.

Decided April 17, 2017 — Reconsideration denied May 15, 2017.

Murder. Fulton Superior Court. Before Judge Russell.

Charles H. Frier, for appellant.

Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Marc A. Mallon, Lyndsey H. Rudder, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, S. Taylor Johnston, Assistant Attorney General, for appellee.